DANIEL R. COLLINS *v.* LOUIS S. GOLDBERG, COMMISSIONER OF MOTOR VEHICLES (10718)

DUPONT, C. J., NORCOTT and LAVERY, Js.

Argued June 11—decision released August 25, 1992

*Barry N. Silver,* for the appellant (plaintiff).

*Priscilla J. Green,* assistant attorney general, with whom, on the brief, was *Richard Blumenthal,* attorney general, for the appellee (defendant).

LAVERY, J. The plaintiff, Daniel R. Collins, appeals from the trial court's judgment dismissing his appeal from an administrative decision of the defendant commissioner of motor vehicles. On appeal to this court, the plaintiff claims that the trial court improperly dismissed his appeal because (1) the police report relied on at the administrative hearing was a hearsay document improperly admitted into evidence over his hearsay objection, (2) the plaintiff was substantially prejudiced by the admission of the police report into evidence, (3) the trial court improperly placed the burden of proof on the plaintiff to remove the foundational infirmities of the police report, and (4) the trial court improperly held that the plaintiff had abandoned several grounds for his underlying appeal. We affirm the judgment of the trial court.

The following facts are pertinent to this appeal. At about 1 a.m. on December 7, 1990, Officer Theodore Stockman of the New Haven police department saw the plaintiff driving his motor vehicle in an erratic manner. After Stockman directed the plaintiff to pull to the side of the road, the plaintiff stopped his vehicle and Stockman approached the car. Stockman detected an odor of liquor on the plaintiff's breath. Because the plaintiff was uncooperative, however, no field sobriety

tests were administered. Indeed, during the questioning and arrest the plaintiff was so argumentative that he had to be physically restrained.

Stockman then took the plaintiff to police headquarters where the plaintiff ultimately consented to a breathalyzer test. The test results showed a blood alcohol content of .131 at 2:11 a.m. and .115 at 2:49 a.m. A written report of the arrest and test results were forwarded to the department of motor vehicles in accordance with General Statutes § 14-227b (c). The commissioner of motor vehicles informed the plaintiff that his operator's license would be suspended because his blood alcohol content had exceeded the level set forth in General Statutes § 14-227b, the implied consent law. The plaintiff subsequently requested and was given an administrative hearing on the proposed license suspension. The hearing was limited to the four license suspension issues set forth in General Statutes § 14-227b (f).[1]

After the hearing, the hearing officer determined that General Statutes § 14-227b (f) had been satisfied, and ordered that the plaintiff's operator's license be suspended for ninety days. The plaintiff appealed to the Superior Court pursuant to General Statutes § 4-183, challenging the hearing officer's allowance of

---

[1] General Statutes § 14-227b (f) provides in pertinent part: "The hearing shall be limited to a determination of the following issues: (1) Did the police officer have probable cause to arrest the person for manslaughter in the second degree with a motor vehicle or for assault in the second degree with a motor vehicle or for operating a motor vehicle while under the influence of intoxicating liquor or drug or both or while his ability to operate such motor vehicle was impaired by the consumption of intoxicating liquor; (2) was such person placed under arrest; (3) did such person refuse to submit to such test or analysis or did such person submit to such test or analysis and the results of such test or analysis indicated that at the time of the alleged offense the ratio of alcohol in the blood of such person was ten-hundredths of one per cent or more of alcohol, by weight; and (4) was such person operating the motor vehicle. . . ."

the police report into evidence. The trial court dismissed the plaintiff's appeal. The plaintiff subsequently appealed to this court.[2]

The plaintiff first claims that because the oath on the police report was not properly completed, the report was a hearsay document improperly admitted into evidence over his hearsay objection at the administrative hearing.

Lieutenant T. McLoughlin signed the police report twice, once as the attesting officer and once as the person administering the oath. Stockman signed the police report as the person who administered the test or caused the test to be administered. The plaintiff asserts that the police report was improperly completed because it was not sworn to by the person who performed the chemical alcohol test. We disagree.

Our Supreme Court has observed that "[s]ubsections (b) and (c) of § 14-227b use mandatory language in

---

[2] The defendant contends that the plaintiff's appeal is moot because the ninety day suspension has already ended. Because mootness implicates a court's subject matter jurisdiction, a mootness claim can be raised at any stage of judicial proceedings. *Board of Education* v. *New Haven*, 221 Conn. 214, 216, 602 A.2d 1018 (1992). In *Plourde* v. *Liburdi*, 207 Conn. 412, 415 n.5, 540 A.2d 1054 (1988), our Supreme Court noted that the issues involved in that appeal from a suspension and confinement pursuant to General Statutes § 14-227a were not moot, because "(1) the issues raised are capable of repetition yet evade review because of the historically short terms of alcohol related confinements; (2) presently there are over 200 inmates identically situated and thus affected by this ongoing program of the state's penal system; (3) the petitioner could very well be affected if convicted in the future; and (4) there is significant public interest in the disposition of alcohol related offenses."

We likewise conclude that the issues raised in this case are not moot because (1) the issues raised are capable of repetition yet evading review due to the relatively brief, ninety day suspension period, (2) the record indicates that in 1991, over 14,000 drivers in Connecticut had had their operator's license suspended under this ongoing statutory scheme, (3) if the plaintiff again violates § 14-227b he could be adversely affected, as he would be subject to a longer suspension, and (4) there is significant public interest in the disposition of alcohol related offenses.

specifying the procedures to be followed by the police prior to the suspension of a motor vehicle operator's license for refusal to submit to the statutory tests for ascertaining a driver's level of intoxication." *Volck* v. *Muzio,* 204 Conn. 507, 511, 529 A.2d 177 (1987). Subsection (c) of § 14-227b provides in relevant part: "The report shall be made on a form approved by the commissioner of motor vehicles and shall be sworn to under penalty of false statement as provided in section 53a-157 by the police officer before whom such refusal was made *or who administered or caused to be administered such test or analysis . . . .*" (Emphasis added.) If the report conforms to the requirements of § 14-227b (c), it shall be admissible into evidence. Regulations of Connecticut State Agencies § 14-227b-19.

"If the words of a statute are clear, the duty of a reviewing court is to apply the legislature's directive since where the wording is plain, courts will not speculate as to any supposed intention because the question before a court then is not what the legislature actually intended, but what intention it expressed by the words that it used. . . . In the absence of ambiguity, statutory language should be given its plain and ordinary meaning." (Citations omitted; internal quotation marks omitted.) *Kilduff* v. *Adams, Inc.,* 219 Conn. 314, 336–37, 593 A.2d 478 (1991).

Despite the plaintiff's assertion to the contrary, the plain language of § 14-227b (c) authorizes *either* the individual who administered the test *or* the individual who caused the test to be administered to sign the oath on the police report. In this case, Stockman arrested the plaintiff and brought him to police headquarters. Stockman had McLoughlin perform the test on the plaintiff.[3] Stockman caused the test to be administered

---

[3] At the administrative hearing, Stockman testified as follows:
"Hearing Officer: Okay. Why didn't you conduct the test yourself?

to the plaintiff. We conclude that the police report was properly submitted into evidence at the administrative hearing because Stockman's signature satisfied the requirements of § 14-227b (c).

Because the hearing officer properly admitted the police report into evidence, the plaintiff's claims (1) that he was substantially prejudiced by the admission of the report and (2) that the trial court improperly placed the burden of proof on the plaintiff to remove foundational infirmities of the police report must necessarily fail.

Finally, the plaintiff claims that the trial court improperly held that several of the plaintiff's grounds for the underlying appeal had been abandoned. In his complaint, the plaintiff alleged that the actions of the department of motor vehicles were improper on several grounds. The plaintiff's memorandum of law, however, addressed only the claim that the department of motor vehicles acted illegally, arbitrarily, unconstitutionally, and in abuse of its discretion in suspending the plaintiff's license because its findings, inferences and conclusions were based on information contained in an improper police report. Because the plaintiff failed to brief the other claims set forth in the complaint, the trial court properly considered them abandoned. *Saradjian* v. *Saradjian,* 25 Conn. App. 411, 418, 595 A.2d 890 (1991).

The judgment is affirmed.

In this opinion the other judges concurred.

---

"Stockman: Because of the nature of this arrest and control problems we were having with him. Plus the fact that I have little experience using the machine. I was certified and hadn't conducted a test on the machine since I'd been certified. So I had a more experienced supervisor do it.

"Hearing Officer: And that was Lieutenant McLoughlin?

"Stockman: Yes."