[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Martha Blish appeals the decision of the defendant Commissioner of Motor Vehicles suspending her motor vehicle operator's license. The Commissioner acted pursuant to General Statutes 14-227b. The plaintiff appeals pursuant to General Statutes 4-183. The court finds in favor of the defendant Commissioner.
Although the plaintiff cites numerous grounds for the appeal in her petition to the court, she has included only three of those claims in her brief. The court considers that she has abandoned those grounds not briefed. Collins v. Goldberg,28 Conn. App. 733, 738 (1992). In her brief, the plaintiff raises the following issues as grounds for her appeal: (1) that the constable who arrested the plaintiff was not authorized to do so under General Statutes 54-1f; (2) that there was no evidence that the Intoximeter 3000 machine used to test the plaintiff's blood alcohol level had been certified by the department of health services; and (3) that because there was no evidence the machine had been certified, there was insufficient evidence to support the Commissioner's finding concerning the plaintiff's blood alcohol level.
The plaintiff's argument concerning the authority of the CT Page 4775 constable who arrested him centers on General Statutes 54-1f. The provisions of that statute relevant to the plaintiff's claim read as follows:
 (a). . . Peace officers, as defined in subdivision (9) of section 53a-3, in their respective precincts, shall arrest, without previous complaint and warrant, any person for any offense in their jurisdiction, when the person is taken or apprehended in the act or on the speedy information of others, provided that no constable elected pursuant to the provisions of section 9-200 shall be considered a peace officer for the purposes of this subsection, unless the town in which such constable holds office provides, by ordinance, that constables shall be considered peace officers for the purposes of this subsection.
* * *
 (c) Members of any local police department or the office of state capitol security, sheriffs, deputy sheriffs, special deputy sheriffs and constables who are certified under the provisions of sections 7-294a to 7-294e, inclusive, and who perform criminal law enforcement duties, when in immediate pursuit of one who may be arrested under the provisions of this section, are authorized to pursue the offender outside of their respective precincts into any part of the state in order to effect the arrest. Such person may then be returned in the custody of such officer to the precinct in which the offense was committed.
With respect to the constable's authority, the plaintiff first argues that the Town of Hebron had not passed any ordinance to provide that constables are considered "peace officers" for purposes of 54-1f, and, therefore, the Hebron constable who arrested the plaintiff was not authorized to do so. This argument cannot be sustained. The town ordinance requirement in 54-1f expressly applies only to those constables who are elected pursuant to General Statutes 9-200. In the present case, Constable Gervais testified that he was an appointed constable, presumably pursuant to General Statutes7-294a and Title VIII, Section A of the Hebron Town Ordinances. He also testified that he had had considerable formal training and certification in law enforcement, including specifically the CT Page 4776 investigation, apprehension and testing of individuals suspected of violating the state's drunk driving laws. See 7-294a — 7-294e. The hearing officer had substantial evidence, therefore, that Constable Gervais was a peace officer authorized to make arrests in drunk driving cases pursuant to 54-1f.
The plaintiff's second argument concerning 54-1f is that although Constable Gervais followed the plaintiff as she drove from Hebron and crossed over the line into Columbia, he was not "in immediate pursuit" of her. The underlying basis of this argument is that the constable had no cause or suspicion to stop the plaintiff while she was still within his jurisdiction in Hebron. The argument, however, ignores the constable's testimony that he observed the plaintiff leave a bar in Hebron, cross the center line while driving on a road in Hebron and that "[t]he emergency equipment to stop her was activated long before we got to the Columbia side, but she chose to stop after the line." He further testified unequivocally that he believed that she was operating under the influence based on these observations. That testimony, which the hearing officer was, of course, entitled to believe fully, brings the case within the rule of State v. Harrison, 30 Conn. App. 108 (1993). In that case, the court held that an officer may follow an operator whom he suspects of drunk driving outside his local jurisdiction to effect an arrest. The plaintiff's argument to the contrary may not be sustained.
The plaintiff's remaining arguments are related, and they concern the fact that no documentary evidence was produced at the administrative hearing to show that the Intoximeter machine used to test the plaintiff had been certified as accurate by the department of health services. Such certification is required by department of health services regulations 14-227a-8 and department of motor vehicle regulations 14-227b-2(c).
Prior to the administrative hearing, the plaintiff's attorney issued a subpoena commanding Constable Gervis to appear and bring with him, inter alia, "[a]ll evidence respecting the approval of the equipment/device used to perform the test on the (plaintiff) on 6/7/92 by the Department of Health Services." When the constable appeared at the hearing, however, he brought with him a certificate for a different machine. When questioned about this discrepancy by the plaintiff's attorney, the constable said merely, "So they gave me an incomplete document." The plaintiff's attorney did not pursue the subject further CT Page 4777 in his examination of the constable, and there was no evidence that the machine used to test the plaintiff was not certified. The only direct evidence concerning the machine's certification was the constable's A44 incident report form, which indicates, by a check mark, that the "analytical device was certified." Neither the plaintiff's attorney nor the hearing officer questioned him about that statement in his report.
In summary, the direct evidence that the hearing officer had concerning certification of the intoximeter was the constable's statement in his A44 report that the machine was certified. On the other hand, the hearing officer could have drawn a negative inference, as urged by the plaintiff, from the failure of the constable to produce the actual document showing certification. State v. Alfonso, 195 Conn. 624, 632 (1985).
In analyzing the plaintiff's arguments concerning the certification of the intoximeter and the failure of the constable to comply with the subpoena, it is important to note what the plaintiff is not claiming. She does not argue that she was denied the right to obtain material evidence or to confront a witness or to fully cross-examine a witness. Although she states in her brief that "an agency must produce probative and reliable evidence to ensure that the proceedings are fundamentally fair," she does not argue that the proceedings in this case were unfair as a result of the constable's noncompliance with the subpoena. Rather, her attorney's argument to the hearing officer and to this court in the brief is simply that the constable's noncompliance resulted in a deficiency in the evidence.
The plaintiff's evidentiary argument concerning Officer Leigh's absence and the effect it should have had on the hearing officer's factual finding cannot be sustained. "Judicial review of the commissioner's action . . . is very restricted . . . The credibility of witnesses and the determination of factual issues are matters within the province of the administrative agency, and if there is evidence . . . which reasonably supports the decision of the commissioner, (the court) cannot disturb the conclusion reached by him." Lawrence v. Kozlowski, 171 Conn. 705
(1976). In this case, there was other evidence, including Constable Gervais's report and his testimony, which was sufficient under the law applicable to administrative proceedings to support a finding that the intoximeter was certified. Furthermore, the rule in State v. Alfonso, supra, CT Page 4778 merely permits the factfinder to draw an unfavorable inference; it does not require it. The hearing officer in this case, therefore, was entitled to draw an unfavorable inference or not, depending upon all of the evidence, and the court cannot second-guess his fact finding process.
For all of the above reasons, the court finds in favor of the defendant Commissioner on the issues raised by the plaintiff in this appeal. The appeal is, therefore, dismissed.
Maloney, J.