[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff William Mulvey appeals the decision of the defendant commissioner of motor vehicles suspending his CT Page 7579 motor vehicle operator's license. The commissioner acted pursuant to General Statutes § 14-227b on the basis that the plaintiff failed a chemical test of the alcohol content of his blood following his arrest on a charge of operating a motor vehicle while under the influence of alcohol. The plaintiff appeals pursuant to § 4-183. The court finds the issues in favor of the defendant commissioner.
The facts necessary to the court's decision are undisputed and clearly revealed by the evidence in the record. Lieutenant William P. Ferri of the New Canaan Police Department signed the A-44 report form under oath, stating, inter alia, that he was the officer who arrested the plaintiff on the drunk driving charge. Ferri attached thereto a narrative supplement which essentially confirmed the contents of the A-44 form.
Patrolman J.W. Walker signed the A-44 form as the officer who administered the intoximeter tests. The form does not indicate that Walker's signature was under oath or penalty of false statement. Walker also wrote a narrative report of his role in the incident, which was admitted in evidence, and this is signed and witnessed but not under oath.
Walker also completed another report, which was admitted in evidence, entitled "New Canaan Police Department D.W.I. Miranda License Suspension Warnings." Walker signed this form in the space designated for the "Arresting Officer's Signature."
The plaintiff raise two arguments as the bases of his appeal: (1) that the Police Report on the A-44 report form was not signed by the officer who arrested the plaintiff; and (2) that the officer who administered the intoximeter tests to the plaintiff did not sign the A-44 form or his narrative report under oath.
The plaintiff's first argument, concerning the identity of the arresting officer, is based on the fact that Walker, not Ferri, indicated on the "Warnings" form that he was the arresting officer. But there was abundant other evidence that Ferri was the arresting officer, including in particular the A-44 form, Ferri's CT Page 7580 supplement, and Walker's narrative statement. The hearing officer was fully justified in finding that Ferri did what he said he did, and that Walker's signature on the "Warnings" form was an inconsistency without significance.
The plaintiff's second argument, concerning the circumstances of Walker's signature on the A-44 form as the testing officer, has been conclusively rejected by the Appellate Court in Collins v Goldberg, 28 Conn. App. 733, cited by the commissioner.
The appeal is dismissed.
MALONEY, J.