[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Deanna Bauman appeals the decision of the defendant commission on human rights and opportunities dismissing the complaint of discrimination that she brought against her former employer. The commission acted pursuant to General Statutes § 46a-83. The plaintiff appeals pursuant to §§ 46a-94a and 4-183. The court finds the issues in favor of the defendant commission.
The plaintiff filed a complaint with the commission on February 24, 1993, alleging that her former employer, defendant Ronit, Inc., which was wholly owned by defendant Harriette Ham, had discriminated against her in the terms and conditions of her employment on the basis of a disability, alcoholism, and on the basis of her age, fifty-three. In her complaint, she cited violations of General Statutes § 46a-60(a)(1), as well as the federal Age Discrimination Act and Americans with Disabilities Act. Specifically, the plaintiff claimed that Ham had fired her because of her age and because she was an alcoholic.
After receiving the complaint, the commission commenced an investigation. On November 23, 1993, the investigator issued a finding that there was no reasonable cause for believing that a discriminatory practice had occurred and dismissed the plaintiff's CT Page 1323-H complaint. The plaintiff timely requested reconsideration of the dismissal in accordance with § 46a-83(e). On September 13, 1994, the commission mailed its decision rejecting the requested reconsideration. The plaintiff filed this appeal in court on October 25, 1994.
The commission's decision to dismiss the plaintiff's complaint was based entirely on the findings of its investigator, whose report was attached to the decision and made a part thereof. The report indicates, and there is no dispute, that the investigator interviewed the plaintiff, two witnesses requested by the plaintiff, and defendant Ham. The investigator also had the plaintiff's sworn written complaint and the defendant's sworn written response. The court finds that the investigation was sufficiently thorough to enable the investigator to make the necessary findings of fact in connection with the reasonable cause determination procedure. See Adriani v.Commission on Human Rights and Opportunities, 220 Conn. 307,319 (1991).
In his report, the investigator states his findings that the plaintiff and defendant Ham, the owner of the company, had basic "philosophical" differences about the operation of the business; that the plaintiff installed a padlock on her desk in violation of a company rule; that the plaintiff drank alcohol during working hours, knowing that to be in violation of company rules; that the plaintiff never disclosed to the employer that she suffers from the disability of alcoholism; that the plaintiff never requested an accommodation of this disability; that defendant Ham never perceived the plaintiff as an alcoholic; that defendant Ham had previously dismissed another employee for drinking on the job; and that another employee who is known by Ham to be a recovering alcoholic is currently employed by the defendant. The investigator also included in his report some statistics regarding the ages of employees who were working for the defendant contemporaneously with the plaintiff. Based on these findings, the investigator concluded that there was no reasonable cause to believe that the employer unlawfully discriminated against the plaintiff in terminating her employment. The investigator essentially found that the employer's asserted reason for the action, "unacceptable performance," was more CT Page 1323-I credible. The investigator specifically found the plaintiff's version of events to be "less than credible."
In her brief to the court in this appeal, the plaintiff advances essentially two arguments. She argues first that the commission applied the wrong standard of proof in concluding that there was no evidence of discrimination on account of the disability of alcoholism. Secondly, the plaintiff argues that there was insufficient evidence to support the investigator's findings concerning the reasons for the plaintiff's termination. The plaintiff does not challenge the commission's decision as it relates to her complaint of age discrimination. Accordingly, the court treats that issue as abandoned. See Collins v. Goldberg, 28 Conn. App. 733,738 (1992).
A review of basic principles of administrative law, especially with regard to investigations by the commission, is appropriate here. Provided the investigation is thorough, as the court has concluded was the case here, "in making the reasonable cause determination, the investigator, and the commission when reviewing the investigator's recommendation, are entitled to make findings on disputed issues of material fact by weighing the credibility of witnesses and drawing inferences." Adriani v. CHRO, supra, 220 Conn. 317. This rule is in accord with the basic principle of administrative law that the scope of the court's review of an agency's decision is very limited. General Statutes § 4-183(j) provides that "(t)he court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact . . . The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are . . . clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record."
On the basis of its review of the record in this case, the court finds that there is ample and substantial evidence to support the investigator's factual findings. Specifically, the statements of defendant Ham, which the investigator found credible, constituted substantial CT Page 1323-J evidence that the plaintiff was fired because of disagreements over the operation of the business and because of insubordination. The record also indicates that the plaintiff herself confirmed that she and Ham had such disagreements. Regarding the insubordination, the investigator had undisputed evidence that the plaintiff frequently drank on the job while knowing that to be a violation of the company's rules and refused to follow other instructions and policies.
The investigator also had substantial evidence that Ham did not perceive that the plaintiff was suffering from the disability of alcoholism. As noted, the investigator personally interviewed the plaintiff and Ham. The plaintiff admitted that she never told Ham that she was an alcoholic and she admitted that she never requested that Ham make any special accommodation, such as providing counselling, for her. The only evidence that the plaintiff had ever been medically diagnosed as suffering from alcoholism was the fact that she had been hospitalized "to dry out" several years previously. Although defendant Ham knew of that incident, she stated that she did not know that the plaintiff suffered from a disability. The commission was entitled to weigh all the evidence, including Ham's statements in reaching its decision. "(T)he reasonable cause standard requires the commission to consider all reliable probative evidence, including evidence unfavorable to the complainant's claim." Adriani v. CHRO, supra, 220 Conn. 316-317.
The plaintiff's second general argument is that the commission wrongly imposed on her the burden of proving that she was an alcoholic in order to support her claim of discrimination. She argues that she needed only to show that the employer perceived her as suffering from that disability and then failed to take appropriate action to accommodate it.
The first problem with the plaintiff's argument on the perceived disability issue is that the investigator found that the employer reasonably did not perceive the plaintiff as disabled. As noted, the court finds that there was substantial evidence to support that finding, and it may not, therefore, be disturbed. CT Page 1323-K
The second problem with the perceived disability argument is that it seeks to impose on the employer a duty that is not, at this point, required by the applicable law. In essence, the plaintiff claims that the employer should have recognized her disability, even though she herself did not, and initiated a program of counselling that she never requested for herself. The plaintiff cites Rodgers v. Lehman, 869 F.2d 253 (4th Cir. 1989) in support of her position. The Rodgers case, however, is fundamentally and significantly distinguishable from the present case. In Rodgers, the employers knew that both plaintiffs had been medically diagnosed as alcoholics and that they were still suffering from the disability and receiving treatment at the time that they were fired. Even if the Rodgers decision constituted controlling law in Connecticut, it was based on an entirely different fact pattern and would not apply here. In this case, the commission found that the defendant reasonably did not perceive an undiagnosed and unadmitted disability. There was, therefore, no legal obligation to offer an accommodation to the plaintiff.
In summary, the investigator had sufficient substantial evidence to support his factual findings. These findings in turn supported the commission's conclusion that there was no reasonable cause to believe that a discriminatory practice had occurred.
The appeal is dismissed.
MALONEY, J.