[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 8121
The Plaintiff, Mr. Melvin Alberts (Alberts), initiated this action challenging a decision of the Connecticut Human Rights and Opportunities Commission (CHRO) which ultimately dismissed his discrimination complaint. The right to appeal arises from General Statutes § 46a-94 which provides that a complainant aggrieved by the dismissal of his complaint by the CHRO may appeal such decision pursuant to the UAPA § 4-183, et seq.
The underlying complaint of Alberts is against the State of Connecticut Department of Human Resources, Bureau of Rehabilitation Services (BRS), now part of the Department of Social Services (DS). The complaint alleges the BRS had not yet accepted him as a client eligible for vocational rehabilitation services; because of his age (68) and physical disabilities, in violation of General Statutes §§ 46a-58 (a) and 46a-64
(a)(1)(2). The Plaintiff's complaint to the CHRO was filed on July 31, 1991.
The CHRO pursuant to § 46a-83 commenced an investigation of the complaint (R. 427). The CHRO investigator gathered extensive information and invited the parties to comment on the evidence contained in the case file (R. 158-59, 415). The CHRO investigator met with the Plaintiff at his residence and considered his comments (R. 91-92). The investigation recommended that the complaint be dismissed. The CHRO acting on the recommendation dismissed the complaint on March 3, 1992 (R. 70-74). Plaintiff's request for reconsideration of the dismissal was granted by the CHRO on July 10, 1992. (R. 43-44, 49-50, 67-69).
The reconsideration involved the CHRO assigning a different investigator, James Flynn, to undertake a new investigation. The new investigation concluded with another recommendation for dismissal (R. 142-152A). The CHRO acting on this new recommendation dismissed the complaint on October 4, 1994 (R. 63-64, 93-104). Plaintiff once again requested reconsideration which was denied (R. 10-14) on July 25, 1995.
This appeal was filed on September 6, 1995. The administrative record was filed on November 3, 1995. The Plaintiff's brief was filed on January 10, 1996. The respondent CHRO's brief was filed on March 19, 1996. Oral argument on this appeal was heard on October 8, 1996. CT Page 8122
The Plaintiff argues in his brief: 1) "The record and evidence do not support the decisions made by CHRO" (Brief, p. 2); "CHRO acted illegally, had no foundation in reason for its decision, and its decision was a mere arbitrary exercise of its power" (Brief, p. 5); and 3) "CHRO is bound by the decision of the hearing officer against the bureau of rehabilitation services dated October 1, 1992" (Brief, p. 6). The other issues raised in the appeal but not briefed are viewed as abandoned. Collins v.Goldberg, 28 Conn. App. 733, 738 (1992).
A basic principle of administrative law is that the scope of the court's review of an agency's decision is very limited. General Statutes § 4-183 (j) provides that "[t]he court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact . . . The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are . . . clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record." In order to obtain reversal of an agency's decision, the Plaintiff must demonstrate that he suffered "material prejudice as a result of this alleged procedural deficiency." Jutkowitz v. Departmentof Health Services, 220 Conn. 86, 94 (1991).
Furthermore, "Judicial review of conclusions of law reached administratively is also limited. The court's ultimate duty is only to decide whether, in light of the evidence, the agency has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion." Conn. Light Power Co. v. Dept. of Public UtilityControl, 219 Conn. 51, 57-58 (1991). Similarly, "[w]ith regard to questions of fact, it is [not] the function of the trial court . . . to retry the case or to substitute its judgment for that of the administrative agency." Id. "The question is not whether the trial court would have reached the same conclusion but whether the record before the commission supports the action taken." Hospital of St. Raphael v. Commission on Hospitals Health Care, 182 Conn. 314, 318 (1980).
"Judicial review of [an administrative agency's] action is governed by the Uniform Administrative Procedure Act (General Statutes, c. 54, §§ 4-166 through 4-189), and the scope of that review is very restricted . . . Neither this court nor the trial court may retry the case or substitute its own judgment for that CT Page 8123 of the [administrative agency] . . . The court's ultimate duty is only to decide whether, in light of the evidence, the [agency] has acted unreasonably, arbitrarily, illegally, or in abuse of [its] discretion." (Citations and internal quotation marks omitted.) Board of Education v. Freedom of InformationCommission, 208 Conn. 442, 452 (1988).
It is not disputed that the Plaintiff is physically disabled for purposes of § 46a-58 (a) et seq. It is also admitted that the Plaintiff was 68 years of age at the time of his complaint.
The Plaintiff's underlying dispute with BRS concerned his desire to have that agency fund his tuition and expenses related to attendance at the Gemological Institute of America (hereinafter GIA) in California. Plaintiff's goal was employment as a GIA jewelry designer and goldsmith.
The BRS is an agency of the State with the responsibility to assist individuals with disabilities in gaining and maintaining employment. As part of that process the BRS determines the feasibility of the employment goal, and the services necessary to attain it (R. 257).
The Plaintiff asserts a denial of equal accommodation claim pursuant to § 46a-64, with respect to the BRS treatment of his request for assistance.
At the time of Plaintiff's complaint, the CHRO was obligated pursuant to § 46a-83 (c) to determine "if there is reasonable cause for believing that a discriminatory practice has been or is being committed . . . ."[1]
The Plaintiff to obtain BRS services was obligated to prove that he was disabled with a substantial handicap to employment, and that vocational rehabilitation services would reasonably be expected to benefit his employability (R. 505). No one disputes Plaintiff's disability. The feasibility of the GIA plan was the BRS concern.
The CHRO record includes the following evidence related to the poor prognosis for Plaintiff's California GIA plan.
Dr. Arnold's opinion as to the Plaintiff's inability to perform the work required in jewelry repair (R. 83). Dr. Shafer's medical records regarding Plaintiff's shoulder pain substantiate CT Page 8124 Dr. Arnold's opinion (R. 606, 610, 613, 615-117). The General Aptitude Testing Battery average results also indicated Plaintiff's inability to work in his chosen career (R. 257).
The lack of facilities in California, inability of the GIA to accommodate Plaintiff and quality of air issues further substantiate the reservations of BRS.
The Record available to BRS establish that Plaintiff had previously unsuccessfully attempted the GIA program in California (R. 526, 533-37).
The BRS was mandated to consider the reasonableness of the cost expenditures estimated to be $29,490 (R. 120, 177). The high cost and remote likelihood of any benefit in Plaintiff's proposal reflect the need for caution in proceeding with Plaintiff's proposal. This was especially the case where Plaintiff refused to consider any other alternatives.
It is also of record that when BRS assisted Plaintiff in pursuing the GIA California program in 1993, he failed to complete it (R. 161).
The record is devoid of any evidence that Plaintiff's age or disability were factors in the BRS decision to delay the provision of services. The BRS only supplies services to disabled persons. The record contains substantial evidence to support the conclusion that there was no reasonable cause to believe that a discriminatory practice has been or is being committed.
The Plaintiff primarily relies on the decision of the BRS fair hearing officer (R. 282-283). The decision does not in any way address the issues of age or disability discrimination. The conclusion that the Plaintiff's failure to be determined eligible or being placed on extended evaluation status because of personal animus, actually undermines his discrimination claim.
The CHRO's mandate was to investigate whether illegal discrimination on the basis of physical disability or age had taken place. Discrimination is intentional conduct. PriceWaterhouse v. Hopkins, 490 U.S. 228, 246 (1989), Miko v. CHRO,220 Conn. 192, 205 (1991).
The Plaintiff's claim that the Fair Hearing Officer's decision is binding on the CHRO fails when one considers the CT Page 8125 purpose of the CHRO investigation. It is not a review of whether BRS followed regulations or treated Plaintiff fairly.
The single case cited by Plaintiff on his res judicata claim,Corey v. Avco Lycoming, 163 Conn. 309 (1972), is clearly distinguishable. In that case the grievance arbitration decision relied upon addressed the specific, intentional discrimination claim.
The legal tenants of res judicata, and estoppel, are not implicated where the discrimination claims were not raised UpjohnCo. v. Planning Zoning Commission, 224 Conn. 82, 89 (1992).
The Appeal is dismissed.
Robert F. McWeeny, J.