[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The appellants' minor child was voluntarily placed by the appellants in foster care through the State of Connecticut Department of Children and Families (hereinafter "DCF").
The cost of the foster care to the State totalled $14,180.66. The parents contest the billing to them of $1,568.78 of such cost.
The appeal is brought pursuant to the Administrative Procedures Act General Statutes § 4-183.
Appellants argue that the Fair Hearing Officer's decision CT Page 6466 assessing their liability violates the "parole evidence rule," contravenes the doctrine of equitable estoppel and assesses liability beyond the terms of the three month voluntary placement. All other claims raised in the appeal but not briefed are viewed as abandoned. Collins v. Goldberg, 28 Conn. App. 733,738 (1992).
A basic principle of administrative law is that the scope of the court's review of an agency's decision is very limited. General Statutes § 4-183(j) provides that "[t]he court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact . . . The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are . . . clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record." In order to obtain reversal of an agency's decision, the plaintiff must demonstrate that he suffered "material prejudice as a result of this alleged procedural deficiency." Jutkowitz v. Departmentof Health Services, 220 Conn. 86, 94 (1991).
Furthermore, "Judicial review of conclusions of law reached administratively is also limited. The court's ultimate duty is only to decide whether, in light of the evidence, the agency has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion." Conn. Light Power Co. v. Dept. of Public UtilityControl, 219 Conn. 51, 57-58 (1991). Similarly, "[w]ith regard to questions of fact, it is [not] the function of the trial court . . . to retry the case or to substitute its judgment for that of the administrative agency." Id. "The question is not whether the trial court would have reached the same conclusion but whether the record before the commission supports the action taken." Hospital of St. Raphael v. Commission on Hospitals Health Care, 182 Conn. 314, 318 (1980).
"Judicial review of [an administrative agency's] action is governed by the Uniform Administrative Procedure Act (General Statutes, c. 54, 4-166 through 4-189), and the scope of that review is very restricted . . . Neither this court nor the trial court may retry the case or substitute its own judgment for that of the [administrative agency] . . . The court's ultimate duty is only to decide whether, in light of the evidence, the [agency] has acted unreasonably, arbitrarily, illegally, or in abuse of [its] discretion." (Citations and internal quotation marks CT Page 6467 omitted.) Board of Education v. Freedom of InformationCommission, 208 Conn. 442, 452 (1988).
Nevertheless, where "the issue is one of law, the court has the broader responsibility of determining whether the administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed from such facts. Although the court may not substitute its own conclusions for those of the administrative board, it retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion." United Parcel Service Inc. v.Administrator, Unemployment Compensation Act, 209 Conn. 381, 385
(1988).
The appellants conceded at oral argument the inescapable conclusion that at all pertinent limits they were "liable relatives" for their minor child pursuant to General Statutes § 4a-12 (c). The parents as liable relatives were responsible according to the uniform contribution scale for payment of a portion of their child's foster care expense. General Statutes § 4a-12 (c).
The parents rely in this appeal on a voluntary placement form which they signed with the DCF.
The parents crossed off language relating to their financial responsibilities and wrote in an alleged representation by a DCF employee that they would not be charged.
The parents claim that this agreement limits or eliminates their financial responsibility for the placement of their child. It is the basis of their parole evidence, estoppel and durational claims.
The parents' liability arises by statute (§ 4a-12) and not by contract. The statute provides for a specific waiver procedure General Statutes § 4a-12 (d) which was not followed in this case. Any claim as to the applicability of the waiver and the predicate determination by DCF was not raised in this appeal.
The appeal is dismissed.
Robert F. McWeeny, J. CT Page 6468