[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The Plaintiff, Kimberly Thomas, had operated a licensed foster home from May of 1989 until the proposed revocation of such license by the Defendant Department of Children and Families (DCF) on or about June 5, 1995.
The Plaintiff requested and was afforded a hearing on the proposed license revocation. The evidentiary hearings were held before a DCF administrative hearing officer on September 25, November 7 and 8, 1995, and January 16, and 18, 1996. The Plaintiff and DCF were represented by legal counsel at such hearing and provided post-hearing legal briefs. The hearing officer by a decision dated May 13, 1996 upheld the license revocation. The decision was issued on May 15, 1996, and the Plaintiff's appeal, pursuant to General Statutes § 4-183, was timely filed on June 27, 1996. The answer and record were filed on September 4, 1996. The briefs were filed by the Plaintiff on October 11, 1996 and by the Defendant on December 24, 1996. The parties waived CT Page 1666 oral argument on February 20, 1997.
In her appeal Plaintiff attacks the evidentiary basis of the decision. Plaintiff's brief argues that: "A. The hearing officer was in error when she found that the department did prove a violation of Section 17a-145-101 (f) which requires foster parents and other members of the household to be emotionally healthy and of good character, habits, and reputation;" and "B. The hearing officer was in error when she concluded that the department did prove a violation of Section 17a-145-101 (h) which requires a competent adult be left in charge when the parent is away from the home." Issues not briefed are deemed abandoned.Collins v. Goldberg, 28 Conn. App. 733, 738 (1992).
The issues raised by the Plaintiff are evidentiary in nature; and are controlled by the substantial evidence rule.
 We review the issues raised by the plaintiff in accordance with the limited scope of judicial review afforded by the UAPA. Perkins v. Freedom of Information Commission, 228 Conn. 158, 164, 635 A.2d 783 (1993); Buckley v. Muzio, 200 Conn. 1, 3, 509 A.2d 489 (1986). "Judicial review of an administrative agency decision requires a court to determine whether there is substantial evidence in the administrative record to support the agency's findings of basic fact and whether the conclusions drawn from those facts are reasonable." (Internal quotation marks omitted.) Dufraine v. Commission on Human Rights Opportunities, 236 Conn. 250, 259, ___ A.2d ___ (1996); Schallenkamp v. DelPonte, 229 Conn. 31, 40, 639 A.2d 1018 (1994). Neither this court nor the trial court may retry the case or substitute its own judgment for that of the administrative agency on the weight of the evidence or questions of fact. Griffin Hospital v. Commission on Hospitals Health Care, 200 Conn. 489, 496, 512 A.2d 199, appeal dismissed, 479 U.S. 1023, 107 S.Ct. 781, 93 L.Ed.2d 819
(1986); Connecticut Natural Gas Corp. v. Public Utilities Control Authority, 183 Conn. 128, 134, 439 A.2d 282 (1981). Our ultimate duty is to determine, in view of all of the evidence, whether the agency, in issuing its order, acted CT Page 1667 unreasonably, arbitrarily, illegally or in abuse of its discretion. Perkins v. Freedom of Information Commission, supra, 164; New Haven v. Freedom of Information Commission, 205 Conn. 767, 773, 535 A.2d 1297 (1988).
 The "substantial evidence" rule governs judicial review of administrative fact-finding under the UAPA. General Statutes § 4-183 (j)(5) and (6). "An administrative finding is supported by substantial evidence if the record affords a substantial basis of fact from which the fact in issue can be reasonably inferred." (Internal quotation marks omitted.) Connecticut Building Wrecking Co. v. Carothers, 218 Conn. 580, 593, 590 A.2d 447 (1991); Connecticut Light Power Co. v. Dept. of Public Utility Control, 219 Conn. 51, 57, 591 A.2d 1231 (1991). The substantial evidence rule "imposes an important limitation on the power of the courts to overturn a decision of an administrative agency . . . and to provide a more restrictive standard of review than standards embodying review of weight of the evidence or clearly erroneous action. . . . The United States Supreme Court, in defining substantial evidence in the directed verdict formulation, has said that it is something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence. . . ." (Citations omitted; internal quotation marks omitted.) Dufraine v. Commission on Human Rights Opportunities, supra, 236 Conn. 260; see Connecticut Building Wrecking Co. v. Carothers,
supra, 593.
Dolgner v. Alander, 237 Conn. 272, 280-282 (1996).
The evidence relating to the § 17a-145-101 (f)[1]
violation relates to the Plaintiff's adult biological child who resides in the home. The evidence presented concerns her son Michael's history of sexual abuse of a six year old foster child in 1990; and Michael's use of marijuana in the Plaintiff's home, with foster children placed there by DCF. CT Page 1668
The sexual abuse evidence includes testimony by a social worker that Michael admitted that he touched the vagina of a six year old foster child with his penis in the Plaintiff's home (Transcript of November 8, 1995, pp. 6-7); a report by the brother of the six year old victim that there was sexual activity between the children in the Plaintiff's home (R. Ex. #12); a referral from Michael's school concerning Michael's telling other students of such sexual contact (R. Ex. #6) and an investigative report which includes finding that the child was sexually abused by Michael when she was five (R. Ex. #6) and probably again when she was six.[2]
The evidence relating to the Plaintiff's son's marijuana use included the following: separate but consistent reports from two foster children concerning marijuana use frequently occurring in Plaintiff's home (T. 9-25-95, pp. 12-14, 19); reports of marijuana being kept in Plaintiff's bureau (T. 9-25-95, p. 12); Plaintiff's admission that marijuana was used in her home (T 9-25-95, p. 19, Ex. #5); report to additional social worker by foster child concerning his marijuana use in Plaintiff's home (T. 1-16-96, p. 14); Plaintiff's prior drug use history (T. 1-16-96, p. 59); Plaintiff's testimony concerning her catching her son and two foster children smoking marijuana in her home (T. 1-16-96, pp. 98-101) and reports of 1991 prior use of marijuana in Plaintiff's home by previous foster children (R. Ex. #6).
The evidence relating to the § 17a-145-101 (h) violation requiring a competent adult be left in charge when the parent is away from the home, is limited to the care of the foster children Michael M. and Vince Q. These children were fifteen and sixteen years of age and were left with Plaintiff's adult son when Plaintiff was not at home. On one occasion Plaintiff returned home to find her son and the two foster children smoking marijuana in the home. The adult son was the same person who years earlier had apparently sexually molested the six year old female foster child, and is reported to have bragged about sexual relations with his younger biological sister. This adult child also was identified with significant emotional and psychological problems. CT Page 1669
The record thus substantiates the findings and conclusions that Plaintiff's adult son was a member of the household who was not emotionally healthy, of good character, habits and reputation. The evidence supported conclusions that he was a sexual offender, user of illegal drugs and emotionally disturbed individual. Similarly, this same evidence established that Plaintiff's adult son was not a competent adult who could be left in charge of foster children. The evidence was undisputed that on occasion Plaintiff's adult son was left in charge of foster children.
The Plaintiff's brief attacks the evidence on the basis of its alleged hearsay nature. General Statutes § 4-178
provides that "(a)ny oral or documentary evidence may be received" at the administrative hearing of a contested case, and our courts have held that this includes even hearsay evidence so long as it is reliable and probative." Cassellov. Civil Service Commission, 4 Conn. App. 359, 362 (1985); aff'd 202 Conn. 28, 33 (1987). Furthermore, when hearsay statements come into the case without objection they may be relied upon by the trier of fact, in proof of the matters stated therein, for whatever they were worth on their face."Volck v. Muzeo, 204 Conn. 507, 518 (1987).
In this case the critical evidence may not have been hearsay evidence. The Plaintiff's son had admitted to a testifying witness his sexual assault on the young foster child. The admission was against his interest and thus is an exception to the hearsay rule if the son was unavailable to testify at this hearing. His availability which the Defendant would have had to establish under the exception was not addressed, in the absence of Plaintiff's objection. Similarly, the numerous exhibits in the Record admitted without objection may very well have constituted business records. "(T)he failure to raise a procedural claim or the failure to utilize a remedy available to cure a procedural defect can constitute a waiver of the right to object to the alleged defect." (Citations omitted.) Jutkowitz v.Department of Health Services, 223 Conn. 86, 95 (1991).
The other major factual finding related to the Plaintiff's son smoking marijuana in her home with the two foster children, is established through Plaintiff's direct evidence. CT Page 1670
The decision is clearly not dependant solely on hearsay evidence.
The Plaintiff relies on Dolgner v. Alander,237 Conn. 272 (1996) as the only authority for her claim that the evidence does not support the decision.
In Dolgner the evidence in support of the decision revoking Dolgner's day-care license was found to be: "As to the hearing officer's determination that the Plaintiff had abused and inadequately supervised day care children . . . the only evidence to support her finding that the plaintiff had engaged in inappropriate conduct consisted of conclusory and general statements. The evidence presented at the hearing failed to disclose the factual particulars regarding inappropriate conduct occurred, the frequency of inappropriate conduct or any other details. . . . Moreover, although the department's case summary disclosed the age of one of the children who had reported abusive treatment, no other evidence disclosed the ages of the children who had reported inappropriate conduct."
The decision goes on to note the failure to introduce into evidence the DCYS (now DCF) and police department reports which contained the specific factual foundation.
The legally operative facts in this case essentially relate to two different scenarios. Sexual abuse of a specifically identified female foster child by the Plaintiff's son (P. Ex. #6), and marijuana use by the Plaintiff's son with two specifically identified foster children at Plaintiff's home while she was absent. The sexual abuse is a disputed fact, but the marijuana incident is conceded.
Unlike the record in Dolgner the record here contains specific factual predicates upon which the witnesses' conclusions had been based; thus the hearing officer was able to gauge the accuracy or weight of these conclusions. In this case the hearing officer carefully performed that task and rejected the Defendant's conclusions as to other alleged violations.
The hearing officer's findings and conclusions are amply supported by substantial evidence in the Record. CT Page 1671
Plaintiff's appeal is dismissed.
Robert F. McWeeny, J.