[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The Plaintiff, in this administrative appeal, is an attorney. The respondent is the Statewide Grievance Committee (hereinafter Committee), which reprimanded the Plaintiff for a violation of Rule 1.4 of the Rules of Professional Conduct. The appeal contests this disciplinary action.
The Plaintiff is entitled to appeal a Committee decision pursuant to Practice Book Section 27N. The decision was issued on April 19, 1996 and this appeal was filed on May 17, 1996. The CT Page 3788 answer and record were filed on December 26, 1996, the Plaintiff's brief on January 27, 1997, and the Defendant's brief on February 27, 1997. The case was scheduled for oral argument on April 17, 1997. The Plaintiff did not appear on such date and waived oral argument on April 28, 1997. The Committee found that the Plaintiff in his dealings with David Joyce, violated Rule 1.4 of the Rules of Professional Conduct. Rule 1.4 provides:
Rule 1.4 Communication.
 (a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.
 (b) A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.
The facts underlying the reprimand are essentially as follows. The Plaintiff represented David Joyce (a convicted felon now serving a ninety year sentence) as a special public defender. The Plaintiff also undertook to represent Joyce in a civil action relating to a civil rights case which arose from Joyce interacting with the police on or about February 15, 1990. This representation is evidenced by a September 25, 1991 "Retainer Agreement" executed by the Plaintiff and Joyce. (R. Ex. # 1.)
Joyce filed a grievance complaint against Plaintiff on September 21, 1994 alleging a long standing failure to communicate with respect to the civil action. The Fairfield Judicial District Grievance Panel reviewed such complaint and determined, on November 2, 1994, that there was no probable cause that Plaintiff had violated the Rules of Professional Conduct. However, a reviewing committee of the Statewide Grievance Committee on January 19, 1995 found probable cause that Plaintiff had violated rule 1.4
A hearing was scheduled for September 6, 1995, and notice was provided the Plaintiff and Joyce. Joyce appeared at the hearing (by habeas corpus petition of the Committee), but the Plaintiff failed to appear.
The reviewing committee heard testimony from Joyce and accepted documentary evidence. The proposed decision was forwarded to the Plaintiff and Joyce on March 12, 1996. The CT Page 3789 proposed decision recommended that Plaintiff be reprimanded for a violation of Rule 1.4. The transmittal (R # 18) advised Plaintiff of his right pursuant to Practice Book Rule 27J(g) to respond in writing to the proposed decision. Plaintiff failed to respond and the committee, at a meeting on April 18, 1996, voted to adopt the proposed decision and reprimand Plaintiff. (R. # 20.)
Plaintiff appealed alleging that the reprimand and decision were arbitrary and capricious; abusive of discretion; in violation of Practice Book or statutory provisions; in excess of the Committee's authority; made upon unlawful procedure and clearly erroneous in view of the reliable, probative and substantial evidence in the record. In his brief, Plaintiff argues that he received no notice of the hearing and that the decision was arbitrary and capricious. All other issues raised in the appeal but not briefed are viewed as abandoned. Collins v.Goldberg, 28 Conn. App. 733, 738 (1992).
This appeal is taken pursuant to Section 27N of the Rules of Practice. Section 27N(d) provides that such an appeal shall be conducted by the court without a jury and shall be confined to the record. In reviewing the decision of the Committee the court does not take the function of a factfinder. Pinsky v. StatewideGrievance Committee, 216 Conn. 228, 234 (1990). "Rather, our role is limited to reviewing the record to determine if the facts as found are support by the evidence contained within the record and whether the conclusions that follow are legally and logically correct." (Internal quotation marks and citations omitted). Weissv. Statewide Grievance Committee, 227 Conn. 802, 812 (1993).
The issue of the lack of notice of the reviewing committee hearing is first raised in Plaintiff's brief. Plaintiff does not allege a failure to receive the proposed decision, to which he had the right to respond. Section 27N authorized the Committee after receipt of a § 27J(g) response to refer the complaint back to the same or a different reviewing committee. "We have held that the failure to raise a procedural claim or the failure to utilize a remedy available to cure a procedural defect can constitute a waiver of the right to object to the alleged defect." Dragan v. Connecticut Medical Examining Board,223 Conn. 618, 633 (1992). Section 27J(g) afforded Plaintiff an opportunity to assert the failure of notice, the request to be heard and the nature of the evidence which could be offered by Plaintiff at a hearing. Plaintiff failed to take advantage of this opportunity of which he was advised in the transmittal. The Committee could CT Page 3790 have corrected the problem by scheduling a new hearing or opening the record to Plaintiff's evidence.
The Plaintiff's brief fails to indicate the nature of the evidence which he was prevented from presenting by the alleged failure of notice. In order to obtain reversal of an administrative decision the Plaintiff must demonstrate that he suffered "material prejudice as a result of this alleged procedural deficiency." Jutkowitz v. Department of HealthServices, 220 Conn. 86, 94 (1991). Also see Levinson v. Board ofChiropractic Examiners, 211 Conn. 508, 536 (1989); Welch v.Zoning Board of Appeals, 158 Conn. 208, 213-14 (1969); Cramer v.Statewide Grievance Committee, judicial district of Hartford-New Britain at Hartford (CV9-0562467 McWeeny, January 31, 1997). The Uniform Administrative Procedures Act does not apply to the Committee's action, but the same principles as to scope of review are applicable. Pinsky v. Statewide Grievance Committee,216 Conn. 228, 234 (1990); Weiss v. Statewide Grievance Committee,
supra, 207 Conn. at 811.
The Plaintiff's claim of an arbitrary and capricious decision is focused on the evidence of a letter from Plaintiff to Joyce of August 1994 and a problem at the prison with Joyce calling the Plaintiff at night. The Plaintiff asserts that such evidence precludes a finding of a violation by the required disciplinary standard of clear and convincing evidence.
The Grievance alleged failures of communications dating back to January of 1993 and Joyce's testimony reports persistent letters and some telephone calls which were not responded to. "In cases involving administrative appeals it is not the function of . . . the trial court, to retry the case or to substitute its judgment for that of the agency. . . ." (Citations and internal quotation marks omitted.) Kalakowski v. Hadley,43 Conn. App. 636, 642 (1996). Also see Prucker v. Statewide GrievanceCommittee, judicial district at Hartford-New Britain at Hartford (CV90-0541456 Maloney, J., June 9, 1995).
The reviewing committee was free to accept the testimony of Joyce, a convicted felon; and the Plaintiff even in his brief fails to substantially counter it as to the history of communications on the civil matter.
The record contains clear and convincing evidence of the failure to communicate about the civil matter which was the CT Page 3791 subject of a written "Retainer Agreement."
The appeal is dismissed.
Robert F. McWeeny, J.