[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This appeal arises pursuant to the Uniform Administrative Procedures Act (UAPA, § 4-166 et seq. 4-183) from a decision of the Connecticut State Board of Labor Relations (CSBLR) dismissing the plaintiff's prohibited practice complaint. The parties to this administrative appeal are the plaintiff Union (Local 2663, Council 4, AFSCME, AFL-CIO) the CSBLR and the Connecticut Commission on Human Rights and Opportunities (CHRO) which employs the members of Local 2663.
The Union, on January 13, 1994, filed a prohibited practice complaint with the CSBLR alleging that the CHRO had violated General Statutes § 5-272 (a)(4) by unilaterally changing the CT Page 1969 existing terms and conditions of the Union's bargaining unit members concerning evaluation standards. The complaint went to a hearing before the CSBLR on May 2, 1996. Briefs were received by June 13, 1996. The CSBLR on January 31, 1997 issued a decision dismissing the Union's complaint.
Plaintiff filed this appeal on March 12, 1997. The record was filed on June 27, 1997. The answer was filed on August 12, 1997. Briefs were filed on August 18, 1997 and October 16, 1997. The parties were heard in oral argument on February 10, 1998. For the reasons set forth below the appeal is dismissed.
Plaintiff makes two claims as to the merits. All issues not briefed are viewed as abandoned. Collins v. Goldberg,28 Conn. App. 733, 738 (1992). They claim that the CSBLR applied an incorrect legal analysis and alternatively that the decision is not supported by the substantive evidence in the record.
The legal claim is based on an assertion that the CSBLR did not consider the contractual basis of the existing, practice regarding the evaluation of employees.
The CSBLR and CHRO response and the decision (R. #7 #3467) indicate that the CSBLR considered the contract requirements.[1]
The CSBLR decision is based on preliminary determinations of whether the evidence established the existence of a fixed practice prior to the alleged change and a clear departure from that practice. The decision, considering the collective bargaining contract terms, determined that the Union failed to prove the existence of a practice relating to bargaining unit wide employee evaluation standards.[2]
The plaintiff's remaining argument is governed by the substantial evidence rule.
"Judicial review of an administrative agency decision requires a court to determine whether there is substantial evidence in the administrative record to support the agency's findings of basic fact and whether the conclusions drawn from those facts are reasonable. . . . Neither this court nor the trial court may retry the case or substitute its own judgment for that of the administrative agency on the weight of the evidence or questions of fact." (Citations and internal quotation marks.)Dolgner v. Alander, 237 Conn. 272, 280 (1996). CT Page 1970
"The substantial evidence rule governs judicial review of administrative fact-finding under the UAPA. General Statutes § 4-183 (j)(5) and (6). An administrative finding is supported by substantial evidence if the record affords a substantial basis of fact from which the fact in issue can be reasonably inferred. The substantial evidence rule imposes an important limitation on the power of the courts to overturn a decision of an administrative agency . . . and to provide a more restrictive standard of review than standards embodying review of weight of the evidence or clearly erroneous action." (Citations and internal quotation marks omitted; footnote omitted.)Dolgner v. Alander, supra, 237 Conn. 281. Substantial evidence "is something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." (Citations and internal quotation marks omitted.) Id.
The Union's evidence consisted of contractual provisions and evidence of deviations in the application of standards between various CHRO regional managers.
The CSBLR focused on the limitations of the contract requirements. The relevant provisions were:
 Art. 9 Section 2. "A service rating shall be conducted by a management designee who is familiar with the employee's work."
 Art. 9 Section 3. The categories of ratings and a requirement that supervises state reasons for "less than good" ratings.
 Art. 9 Section 3. Grievance-arbitration for less than good ratings with "the arbitrator shall not substitute his/her judgment for that of the evaluator in applying relevant evaluation standards unless the evaluator can be shown to have acted arbitrarily or capriciously."
 Art. 9 Section 4. Requires uniform service rating report form be used.
 Art. 9 Section 5. Provides for joint labor management committee to evaluate the service CT Page 1971 rating system.
 Art. 5. Management Rights Clause reserving to management the rights to "establishing standards of productivity and performance of its employees. . . .
The other evidence related to the different evaluation emphasis and results in various CHRO regions. Plaintiff cites no evidence that the practice had ever been uniform at any time. The existence of an established practice is essential to plaintiff's claim. Fibreboard Corporation v. N.L.R.B., 379 U.S. 203
(1964); West Hartford Education Assn., Inc. v.DeCourcy, 162 Conn. 566, 596 (1972). Board of Educationv. State Board of Labor Relations, 217 Conn. 110, 121
(1991).
The Union failed to prove the existence of a past practice relating to uniform evaluation standards.
The CSBLR decision is affirmed and the appeal is dismissed.
Robert F. McWeeny, J.