[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case involves a challenge by a Doctor of Chiropractic to the revocation of his license to practice chiropractic. The respondent is the State of Connecticut Department of Public Health, State Board of Chiropractic Examiners ("Examining Board"). The court finds the issues for the respondent.
General Statutes § 20-24 et seq., regulates the "practice of chiropractic." Section 20-27 prohibits the practice of chiropractic without a license. The Examining Board established pursuant to § 20-25 is empowered to issue as well as suspend or revoke licenses to practice chiropractic in this state.
The plaintiff Dr. Michael Swiller has held a license to practice chiropractic. The Examining Board initiated disciplinary proceedings against the plaintiff, by means of a statement of charges dated May 2, 1996. An Amended Statement of Charges[1]
issued December 31, 1996 contained six counts alleging grounds for disciplinary action pursuant to § 20-29. Hearings on such charges were held on January 9, and February 27, 1997. In its CT Page 1963 decision dated July 24, 1997 the Examining Board found the Department of Public Health had met its burden of proof as to counts one, two and three; but dismissed the allegations of counts four, five and six. The decision imposed as a penalty as to each of the three counts proven was the revocation of plaintiff's license with no reapplication for two years. The order was effective as of July 24, 1997.[2]
The plaintiff brought this appeal pursuant to the Uniform Administrative Procedures Act (UAPA), General Statutes §§ 4-166, et seq., 4-183 on September 5, 1997. The answer and record were filed on October 3, 1997. Briefs were filed by plaintiff on December 1, 1997 and defendants on December 11, 1997. The case was scheduled for oral argument on February 10, 1997; at which time plaintiff failed to appear. The defendant agreed to the submission of the case on the basis of the record and briefs.
The plaintiffs difficulties date to an earlier Examining Board decision dated November 10, 1994, which suspended his chiropractic license for inappropriate contact with female patients. (R. Vol. I, pp. 33-51.) The 1994 decision required an indefinite period of probation which would necessitate the presence of a female employee's when he was treating a female patient. The plaintiff appealed the 1994 suspension order. During the pendency of the appeal, there was a court ordered stipulation staying the suspension but requiring plaintiff to comply with the terms of probation during the appeal. The 1994 decision was affirmed by the Superior Court, but subsequently modified by stipulation during the pendency of an appeal to the Appellate Court. The stipulation reduced the suspension from nine to six months, eliminated a $1,000 civil penalty, added a requirement of psychiatric evaluation and retained the remaining terms of the decision including the terms of indefinite probation.
In the July 1997 decision the Examining Board found that, in violation of the 1994 decision and stipulation for stay, the plaintiff had provided chiropractic care to female patients without having another female present in the room (Vol. 1, p. 6.); that plaintiff had made sexually suggestive comments to a patient and "placed his erect penis against her fingers." (R. Vol. I, p. 7) and practiced chiropractic during the period of suspension resulting from the 1994 decision.
All issues raised by plaintiff but not briefed are viewed as abandoned. Collins v. Goldberg, 28 Conn. App. 733, 738 (1992). CT Page 1964 The plaintiff's brief raises four issues. Issues two and three challenge the factual basis for the decision. Issue one contests the Department of Health's use of information concerning his violation of the terms of production which it obtained prior to the settlement of the 1994 decision's appeal. The settlement did not address or preclude the Department's obligation pursuant to § 19a-19 (10) to investigate compliance. The stay required plaintiff to have a female attendant present while treating female patients. The 1996 settlement did not address that issue. Further, plaintiff failed to object to the testimony on the grounds raised in this appeal. "[T]he failure to raise a procedural claim or the failure to utilize a remedy available to cure a procedural defect can constitute a waiver of the right to object to the alleged defect. Jutkowitz v. Department ofHealth Services, 220 Conn. 86, 95 [(1991)]." Dragan v.Connecticut Medical Examining Board, 223 Conn. 618, 629-31
(1992).
Plaintiff's fourth claim is that the charges of sexual misconduct should have been prosecuted criminally, and thus, the Examining Board had no jurisdiction. Plaintiff cites no authority for his position, which is clearly contrary to the Examining Board authority pursuant to § 20-29.
"Judicial review of an administrative agency decision requires a court to determine whether there is substantial evidence in the administrative record to support the agency's findings of basic fact and whether the conclusions drawn from those facts are reasonable. . . . Neither this court nor the trial court may retry the case or substitute its own judgment for that of the administrative agency on the weight of the evidence or questions of fact." (Citations and internal quotation marks.)Dolgner v. Alander, 237 Conn. 272, 280 (1996).
"The substantial evidence rule governs judicial review of administrative fact-finding under the UAPA. General Statutes § 4-183 (j)(5) and (6). An administrative finding is supported by substantial evidence if the record affords a substantial basis of fact from which the fact in issue can be reasonably inferred. The substantial evidence rule imposes an important limitation on the power of the courts to overturn a decision of an administrative agency . . . and to provide a more restrictive standard of review than standards embodying review of weight of the evidence or clearly erroneous action." (Citations and internal quotation marks omitted; footnote omitted.) CT Page 1965Dolgner v. Alander, supra, 237 Conn. 281. Substantial evidence "is something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." (Citations and internal quotation marks omitted.) Id.
In support of the findings related to the treatment of female patients without a female attendant the record contains the testimony of Ms. Brown (R. T. pp. 25-28) and Ms. Hwang (R. T. pp. 63-68. Ms. Hwang's testimony also supported the finding related to inappropriate sexual contact. It was clearly for the Examining Board to assess the credibility of the testimony. Pet v.Department of Health Services, 228 Conn. 651, 668 (; 994).
The finding regarding practice of chiropractic while his license was suspended is supported by Blue Cross/Blue Shield billing records, (Vol. I, pp. 110-148) the testimony of Daniel Young (Vol. II, pp. 227-29) and the plaintiff's own testimony (Vol. IV, pp. 231, 271-74, 285-86 and 290-91).
The Examining Board's decision is affirmed and the appeal is dismissed.
Robert F. McWeeny, J.