[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In these three appeals the Plaintiff is Mr. Jerry Herring doing business as Jerry's Auto Center, 3054 Main Street, Hartford. The Defendant in all three cases is the State of Connecticut Department of Motor Vehicles (hereinafter DMV).
The Plaintiff in each case appeals from DMV decisions finding violations of law with respect to Plaintiff's sale of used automobiles. The Plaintiff is aggrieved as to each case in that civil penalties and license suspensions are imposed by each decision.
The Plaintiff appears pro se in these appeals and in each case alleges that the decisions "are in violation of constitutional and statutory provisions, made upon unlawful procedure, and clearly erroneous in view of the reliable, probative and substantial evidence on the record." Plaintiff's briefs argue the evidentiary basis of the decisions. Issues raised in the appeal which are not briefed are viewed as abandoned. Collins v. Goldberg, 28 Conn. App. 733, 738 (1992).
A basic principle of administrative law is that the scope of the court's review of an agency's decision is very limited. General Statutes § 4-183 (j) provides that "[t]he court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact . . . The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced CT Page 9956 because the administrative findings, inferences, conclusions, or decisions are . . . clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record." In order to obtain reversal of an agency's decision, the plaintiff must demonstrate that he suffered "material prejudice as a result of this alleged procedural deficiency." Jutkowitz v. Departmentof Health Services, 220 Conn. 86, 94 (1991).
Furthermore, "Judicial review of conclusions of law reached administratively is also limited. The court's ultimate duty is only to decide whether, in light of the evidence, the agency has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion." Conn. Light Power Co. v. Dept. of Public UtilityControl, 219 Conn. 51, 57-58 (1991). Similarly, "[w]ith regard to questions of fact, it is [not] the function of the trial court . . . to retry the case or to substitute its judgment for that of the administrative agency." Id. "The question is not whether the trial court would have reached the same conclusion but whether the record before the commission supports the action taken." Hospital of St. Raphael v. Commission on Hospitals Health Care, 182 Conn. 314, 318 (1980).
"Judicial review of [an administrative agency's] action is governed by the Uniform Administrative Procedure Act (General Statutes, c. 54, 4-166 through 4-189), and the scope of that review is very restricted . . . Neither this court nor the trial court may retry the case or substitute its own judgment for that of the [administrative agency] . . . The court's ultimate duty is only to decide whether, in light of the evidence, the [agency] has acted unreasonably, arbitrarily, illegally, or in abuse of [its] discretion." (Citations and internal quotation marks omitted.) Board of Education v. Freedom of InformationCommission, 208 Conn. 442, 452 (1988).
Nevertheless, where "the issue is one of law, the court has the broader responsibility of determining whether the administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed from such facts. Although the court may not substitute its own conclusions for those of the administrative board, it retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion." United Parcel Service. Inc. v.Administrator Unemployment Compensation Act, 209 Conn. 381, 385
(1988). CT Page 9957
In Docket No. CV96-0558845 the DMV hearing officer found that Plaintiff, on or about June 29, 1995, sold a 1984 Honda automobile to Quiana W. Maragliano. At the time of the sale the vehicle had: a) a cracked windshield, b) unsafe brakes, c) a broken door hinge and d) leaking struts. That the vehicle sold in "as is" condition was sold subject to supplemental assignment of ownership form signed by Plaintiff; indicating that the vehicle was "at the time of sale in condition for legal operation on the highway(s) of the State."
The hearing officer found that Plaintiff had violated General Statutes § 14-64 (4) by making a false statement regarding the condition of the vehicle at the time of sale.
The evidence established that a motor vehicle inspector personally observed the cracked windshield and broken door hinge in August of 1995. A September 5, 1995 inspection report identifies the four defects. The purchaser's father also testified about the car's condition. The DMV inspector also testified as to hearsay reports from the purchaser, her mother and the repair shop owner. The hearsay evidence substantiated the claims as to the condition at the time of sale. The vehicle had been at repair shop since early July of 1995.
The DMV inspector further testified as to the conditions of the assignment of ownership form conditions.
Plaintiff testified that the windshield was not cracked and stressed the "as is" and "no warranty" nature of the sale.
The Court finds that the record contains evidence substantiating the hearing officer's finding in Docket No. CV96-0558845.
In Docket No. CV96-0558846 and Docket No. CV96-0558847 the Plaintiff was found to have violated General Statutes § 14-64 (5) unfair or deceptive practices; § 14-64 (5) Plaintiff can no longer be considered qualified to conduct licensed business and § 14-62 (c) failing to furnish the buyer at time of sale a valid certificate of title.
In Docket No. CV96-0558846 the Plaintiff failed to appear at the hearing. The evidence established that Plaintiff sold a 1984 Honda Accord automobile to Sharon Coletosh. The agreement was CT Page 9958 entered on June 1, 1995 for $2,084, with a $700 downpayment. The balance was paid by Ms. Coletosh through August 11, 1995. Ms. Coletosh never received the vehicle.[1]
The evidence in the documents submitted along with the testimony of Ms. Coletosh and the DMV inspector substantiates the hearing officer's findings.
Plaintiff asserts that he refunded Ms. Coletosh's money and she withdrew her complaint shortly after the hearing.
The law only allows the Court to review the findings based on the evidence in the Record.
In any event, the violations which occurred with regard to the transaction involving Ms. Coletosh were not cured by a subsequent refund.
In Docket No. CV96-0558847 the undisputed facts establish that the Plaintiff sold, on or about June 11, 1995, a 1985 Honda Civic automobile to Ms. Audrey Williams. The vehicle was not at the time of the sale or subsequently delivered to Ms. Williams. Ms. Williams paid in full for the car and has never received a car or refund.
The Plaintiff failed to appear at the hearing after receiving adequate notice.
Plaintiff alleges that he was trying to repair the vehicle so that it could pass inspection, and that it was stolen from his lot.
The Plaintiff never provided Ms. Williams with a certificate of title for the vehicle, which never passed DMV inspection.
The hearing officer's conclusions that the Plaintiff, regarding this transaction engaged in deceptive or unfair practices and failed to provide a certificate of title are fully supported by the Record.
The conclusion that the Plaintiff can no longer be considered qualified to conduct the licensed business is supported by the undisputed evidence.
The Plaintiff's Appeals are dismissed CT Page 9959
Robert F. McWeeny