[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this administrative appeal, the Plaintiff, Attorney Robert W. Storm, appeals from a decision of the Statewide Grievance Committee reprimanding him for failing to promptly return a file to a client in violation of § 1-15(b) of the Rules of Professional Conduct.
The appeal is taken pursuant to § 27N of the Connecticut Practice Book. Section 27N(d) provides that such an appeal shall be conducted by the court without a jury and shall be confined to the record. In reviewing a decision of the Statewide Grievance CT Page 2415 Committee the trial court does not take the function of a factfinder. Pinsky v. Statewide Grievance Committee,216 Conn. 228, 234 (1990). "Rather, our role is limited to reviewing the record to determine if the facts as found are supported by the evidence contained within the record and whether the conclusions that follow are legally and logically correct. (Internal quotation marks and citations omitted.) Weiss v. StatewideGrievance Committee, 227 Conn. 802, 812 (1993).
Rule of Professional Conduct 1.15(b) provides in pertinent part: "a lawyer shall promptly deliver to the client . . . any funds or other property that the client . . . is entitled to receive."
The underlying facts relate to legal services assisting the executor of a will. Mr. Dennis O'Neill (hereinafter O'Neill) retained Attorney Robert H. Hovey in January of 1993 to represent O'Neill, the executor of an estate (Estate of Jeanne J. Lagana). The Plaintiff was associated with Attorney Hovey in January of 1993. The Plaintiff performed the legal services for O'Neill. Attorney Hovey was paid by O'Neill for such services.
The Plaintiff dissolved his partnership and/or association with Attorney Hovey in August of 1993. The O'Neill file remained with the Plaintiff. The Plaintiff's relationship subsequently totally broke down and they are in litigation over the consequences of their professional association and its termination.
The Plaintiff advised Attorney Hovey by letter of February 8, 1994 (R. p. 098) that the clients desired Hovey to represent them on the Lagana estate. Attorney Hovey did not respond to such letter.
The Plaintiff, believing that there had been no payment for the services rendered on such file, placed an attorney's retaining lien on the file when O'Neill sought to pick up the file in July of 1994.
O'Neill obtained a letter from Attorney Hovey, dated August 2, 1994, verifying payment of the fee. (R. 089.) The Plaintiff reviewed a copy of the August 2, 1994 letter on August 4, 1994.
Plaintiff continued to seek further verification of payment and retained the file. CT Page 2416
O'Neill filed a grievance against Plaintiff on September 2, 1994. Plaintiff turned over the file on September 17, 1994.
The grievance complaint was found to lack probable cause by the Grievance Panel for the Judicial District of Hartford-New Britain Geographical Areas 12, 15, 16 and 17. (R. #3.) The Statewide Grievance Panel reviewed the local panel's determination pursuant to Practice Book § 27J, and at a meeting on December 21, 1994 found sufficient probable cause to hold a hearing on whether the Plaintiff (Attorney Storm) had violated Rule 1.15(b). A hearing was scheduled on the Grievance complaint for March 9, 1995. Mr. O'Neill and Attorney Storm testified and introduced exhibits. In a proposed decision (R. #18) which was adopted by the Statewide Grievance Committee the Plaintiff was reprimanded for violating Rule 1.15(b).
The hearing panel found that Plaintiff learned on or about August 4, 1994 that O'Neill had paid the fee to Attorney Hovey, but had not released the file until September 17, 1994.
The Plaintiff appealed such decision on June 16, 1995. The record was filed on July 13, 1995. The Plaintiff filed a brief on August 14, 1995 and a reply brief on September 28, 1995. Respondent's brief was filed on September 8, 1995. The parties were heard at oral argument on March 25, 1997.
The Plaintiff briefs two issues: that there was no violation of Rule 1.15(b) and that the files were retained only as permitted by law. All other issues raised in the appeal but not briefed are viewed as abandoned. Collins v. Goldberg,28 Conn. App. 733, 738 (1992).
Plaintiff's arguments are entirely dependent on a conclusion that there was no substantial evidence that the fee was paid.
The retaining lien is recognized, see Marsh, Day Calhoun v.Solomon, 204 Conn. 639 (1987), but clearly only until the fee has been paid, 204 Conn. 642-43.
At oral argument, Plaintiff questioned the authenticity of the letter and signature attributed to Attorney Hovey. However, Attorney Hovey was not called by Plaintiff to the March 9, 1995 hearing. Plaintiff never testified to any forgery at the hearing, and in fact conceded that he knew the fee was paid (R. #073 lines CT Page 241716-18 "Mr. Storm. No. I said, that I needed — I said that I recognize that he had in fact already paid, and he wouldn't want to pay again. . . .".
The evidence included the August 2, 1994 letter on Attorney Hovey's letterhead, with a signature from Robert H. Hovey and identified by Dennis O'Neill as a letter provided by Attorney Hovey. Also, Mr. O'Neill testified that he had paid the bill, had told the Plaintiff and showed him a copy of Attorney Hovey's letter on August 4, 1995.
"Judicial review of an administrative agency decision requires a court to determine whether there is substantial evidence in the administrative record to support the agency's findings of basic fact . . . Neither this court nor the trial court may retry the case or substitute its own judgment for that of the administrative agency on the weight of the evidence or questions of fact . . . An administrative finding is supported by substantial evidence if the record affords a substantial basis of fact from which the fact in issue can be reasonably inferred. The substantial evidence rule imposes an important limitation on the power of the courts to overturn a decision of an administrative agency . . . and to provide a more restrictive standard of review than standards embodying review of weight of the evidence or clearly erroneous action." (Citations, internal quotation marks and footnote omitted.) Dolgner v. Olander, 237 Conn. 272, 281
(1996).
There is substantial evidence in the record supporting the conclusion that plaintiff knew on August 4, 1994 that the fee had been paid. It is undisputed that the file was not released until September 17, 1994.
It is legally and logically reasonable to conclude under these facts that the retention of the file from August 4, 1994 until September 17, 1994 violated Rule 1.15(b)'s requirement for prompt delivery of a client's property.
Plaintiff's appeal is dismissed.
McWEENY, J. CT Page 2418