[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Edwardo Rodriguez appeals the decision of the defendant commissioner of motor vehicles suspending the plaintiff's motor vehicle operator's license. The commissioner acted pursuant to General Statutes § 14-227b
on the basis that the plaintiff refused to submit to a chemical test of the alcohol content of his blood after having been arrested on a charge of driving while under the influence of alcohol. The plaintiff appeals pursuant to § 4-183. The court finds the issues in favor of the defendant commissioner.
Relevant evidence introduced at the administrative hearing in this case consisted of the written report of the police officer who arrested the plaintiff and the plaintiff's own testimony. The police report states that the plaintiff became totally uncooperative after he was transported to the police station and, specifically, that he flatly refused to submit to the required testing procedure. The plaintiff testified that he did not refuse the test; rather, he claimed that he merely asked to contact an attorney first.
Following the hearing, the hearing officer found that the plaintiff refused to cooperate and declined to be tested. The hearing officer, in his decision, specifically rejected the plaintiff's testimony to the contrary.
A basic principle of administrative law is that the scope of the court's review of an agency's decision is very limited. General Statutes § 4-183 (j) provides that "(t)he court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact . . . The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, CT Page 6410 inferences, conclusions, or decisions are . . . clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record."
"The `substantial evidence' rule governs judicial review of administrative factfinding under General Statutes § 4-183 . . . An administrative finding is supported by `substantial evidence' if the record affords a substantial basis of fact from which the fact in issue can be reasonably inferred . . . Such a standard of review allows less room for judicial scrutiny than does the `weight of the evidence' rule or the `clearly erroneous' rule . . . In determining whether an administrative finding is supported by `substantial evidence,' a court must defer to the agency's right to believe or disbelieve the evidence presented by any witness, even an expert, in whole or in part (Citations and internal quotation marks omitted). Briggs v. State Employees RetirementCommission, 210 Conn. 214, 217 (1989). "If the administrative record provides substantial evidence upon which the hearing officer could reasonably have based his finding . . . the decision must be upheld." Conn. BuildingWrecking Co. v. Carrothers, 218 Conn. 580, 601 (1991).
In the present case, the hearing officer had substantial evidence, the statements in the police report, which would support his findings of fact on the issue of refusal. Accordingly, the court may not overturn those findings notwithstanding the other evidence in the record to the contrary.
At oral argument on the appeal, plaintiff's counsel challenged the credibility of the police report on the basis that the period from the time of the initial encounter between the plaintiff and the police to the time of the alleged refusal, as those times were recorded by the police, was too short to accommodate the events that took place. The plaintiff did not raise this issue in his brief to the court, however, and the court may not consider it for that reason. Collins v. Goldberg,28 Conn. App. 733, 738 (1992). The court would simply note, nevertheless, that the argument essentially questions the factfinding by the hearing officer, and, as indicated above, this is beyond the scope of the court's review. CT Page 6411
The appeal is dismissed.
MALONEY, J.