[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is action is an administrative appeal from a decision of the Commissioner of the State of Connecticut Department of Labor (Commissioner) finding the plaintiff discriminated against an employee in violation of General Statutes § 31-226a. The parties to this appeal include the plaintiff, attorney Arnold L. Beizer (Beizer), the Commissioner and Attorney Albert Lenge (Lenge).[1] This appeal is authorized by § 31-226a(b) and the Uniform Administrative Procedures Act (UAPA), § 4-166, et seq.
Lenge on November 17, 1994, initiated a complaint with the Department of Labor alleging Beizer discriminated against him for assisting a former employee of Beizer in her effort to obtain unemployment compensation benefits. Lenge's complaint specifically alleges a violation of § 31-226a.[2] The Commissioner by letter of November 18, 1994, notified Beizer and Lenge of the receipt of the complaint; announced the appointment of Attorney Heidi Lane as the hearing officer for the complaint; requested Beizer's response and scheduled a December 20, 1994 CT Page 2882 pre-hearing conference. The dispute was heard by hearing officer Lane as a contested case on March 28, May 11, and July 7, 1995. Post hearing briefs were also submitted by the parties. Attorney Lane issued a proposed decision on January 4, 1996. Beizer filed exceptions to the hearing officer's proposed decision and requested oral argument before the Commissioner. Lenge and Beizer both filed additional briefs and were heard in oral argument before the Commissioner on November 26, 1996. The Commissioner issued a final decision on February 24, 1997.
Beizer is aggrieved by the final decision which finds that he violated § 31-226a and awards Lenge damages and attorney's fees.
This appeal was filed on April 10, 1997. The plaintiff amended his appeal on May 30, 1997. The Department of Labor filed the record on June 2, 1997. There being no objection, Lenge was allowed to intervene as a party defendant on June 6, 1997. The Department of Labor filed an answer to the amended petition on June 16, 1997. Lenge filed an answer on June 13, 1997. Briefs were filed by Beizer on August 4, 1997, the Labor Department on August 28, 1997, and Lenge on September 16, 1997. The parties were heard in oral argument on December 2, 1997.
Plaintiff appeals the existence of substantial evidence supporting the decision, the analysis of the evidence contained in the decision and the calculation of damages. Issues raised in the appeal but not briefed are viewed as abandoned. Collins v.Goldberg, 28 Conn. App. 733, 738 (1992).
A basic principle of administrative law is that the scope of the court's review of an agency's decision is very limited. General Statutes § 4-183 (j) provides that "[t]he court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact . . . The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are . . . clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record." In order to obtain reversal of an agency's decision, the plaintiff must demonstrate that he suffered "material prejudice as a result of this alleged procedural deficiency." Jutkowitz v. Departmentof Health Services, 220 Conn. 86, 94 (1991). CT Page 2883
Furthermore, "Judicial review of conclusions of law reached administratively is also limited. The court's ultimate duty is only to decide whether, in light of the evidence, the agency has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion." Conn. Light Power Co. v. Dept. of Public UtilityControl, 219 Conn. 51, 57-58 (1991). Similarly, "[w]ith regard to questions of fact, it is [not] the function of the trial court . . . to retry the case or to substitute its judgment for that of the administrative agency." Id. "The question is not whether the trial court would have reached the same conclusion but whether the record before the commission supports the action taken." Hospital of St. Raphael v. Commission on Hospitals Health Care, 182 Conn. 314, 318 (1980).
"Judicial review of [an administrative agency's] action is governed by the Uniform Administrative Procedure Act (General Statutes, c.54, 4-166 through 4-189), and the scope of that review is very restricted . . . Neither this court nor the trial court may retry the case or substitute its own judgment for that of the [administrative agency] . . . The court's ultimate duty is only to decide whether, in light of the evidence, the [agency] has acted unreasonably, arbitrarily, illegally, or in abuse of [its] discretion." (Citations and internal quotation marks omitted.) Board of Education v. Freedom of InformationCommission, 208 Conn. 442, 452 (1988).
Nevertheless, where "the issue is one of law, the court has the broader responsibility of determining whether the administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed from such facts. Although the court may not substitute its own conclusions for those of the administrative board, it retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion." United Parcel Service Inc. v.Administrator, Unemployment Compensation Act, 209 Conn. 381, 385
(1988).
The facts underlying the case are fairly stated in the decision's extensive findings of fact. In essence Lenge was employed by Beizer as an attorney in Beizer's law office. Lenge was employed pursuant to a written employment contract. His employment commenced on or about July 17, 1994. Ms. Heidi Gulino was employed by Beizer as a secretary for Lenge and another attorney commencing September 6, 1994. Beizer had concerns about CT Page 2884 Ms. Gulino's work and terminated her employment on or about October 21, 1994. Ms. Gulino subsequent to her termination requested a letter of reference from Lenge. Lenge provided Gulino a letter of reference and agreed to let her use it at an unemployment compensation hearing, which was held on November 4, 1994.
Beizer's office manager attended the hearing and contested Gulino's eligibility for unemployment compensation. Lenge's letter of reference was used at the hearing by Gulino. Beizer was notified of the use of the Lenge letter on November 6, 1994. Beizer on November 8, 1994, requested his office manager to obtain a letter from Lenge, which would change his reference, and be presented to the Unemployment Compensation hearing officer. Lenge refused to write such a letter on that same date. On November 8, 1994, Lenge was presented with a written reprimand dated November 7, 1994 (R. Ex. 3). The letter referred critically to the Gulino letter of reference and to performance issues which arose on October 26, 1994.
Lenge upon receiving the reprimand indicated to Beizer his intention to resign. Beizer encouraged Lenge to resign. The employment contract between Lenge and Beizer required four weeks written notice of termination (R. Ex. 2). Beizer, on November 8, 1994, wrote to Lenge accepting his resignation and requesting that it be put into writing.
Lenge responded on November 8, 1994, with a memo indicating that he had changed his mind about resigning. Lenge worked on November 9, and 10, 1994. Lenge learned on November 10, 1994, that his pay was being docked for the October 26, 1994 incident.
Lenge called in sick on November 11, 1994. The Commissioner's final decision found:
 63. "The Complainant was extremely upset by this incident. On Friday November 11, 1994, the Complainant called in to work before 7:00 a.m. and left a message saying he was sick and he would not be coming in that day. He stated he would call back in the afternoon. The Complainant testified that he was not physically ill, but that he felt so distraught over the treatment he received from his employer that week that he needed to take a day off to sort out his feelings and recover his CT Page 2885 composure.
* * *
 65. The complainant (Lenge) was not really sick on that day. He contributed time to a political campaign on November 11th.
On November 10, 1994, Beizer placed an advertisement for a replacement for Lenge.
Beizer on November 11, 1994, wrote a letter to Lenge indicating that the resignation of November 7, 1994, had been accepted. The letter further found Lenge in breach of the contract through insubordination, and wilful misconduct. The letter indicated that the reference for Ms. Gulino was conduct that could not be tolerated.
The November 11 letter was delivered to Lenge along with his personal effects from his office on Sunday, November 13, 1994. Lenge upon receipt of the letter and his personal effects believed he was terminated from employment. Plaintiff's evidentiary arguments are based on the construction of the evidence by the hearing officer and Commissioner. These evidentiary challenges are controlled by the substantial evidence rule.
"Judicial review of an administrative agency decision requires a court to determine whether there is substantial evidence in the administrative record to support the agency's findings of basic fact and whether the conclusions drawn from those facts are reasonable . . . . Neither this court nor the trial court may retry the case or substitute its own judgment for that of the administrative agency on the weight of the evidence or questions of fact." (Citations and internal quotation marks.)Dolgner v. Alander, 237 Conn. 272, 280 (1996).
"The substantial evidence rule governs judicial review of administrative fact-finding under the UAPA. General Statutes § 4-183 (j)(5) and (6). An administrative finding is supported by substantial evidence if the record affords a substantial basis of fact from which the fact in issue can be reasonably inferred. The substantial evidence rule imposes an important limitation on the power of the courts to overturn a decision of an administrative agency . . . and to provide a more CT Page 2886 restrictive standard of review than standards embodying review of weight of the evidence or clearly erroneous action." (Citations and internal quotation marks omitted; footnote omitted.) Dolgnerv. Alander, supra, 237 Conn. 281. Substantial evidence "is something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." (Citations and internal quotation marks omitted.) Id.
It is not for this court to accept Beizer's construction of the evidence when the agency's findings are reasonable and logical.
In his first evidentiary claim plaintiff asserts that the department "misses the point that Lenge attributed the contents of the letter to Beizer."
The alleged attribution to Beizer rests on complainant's use of stationary of Beizer's and of the term "we". Lenge testified that the use of "we" referenced Attorney O'Brien the other employee of Beizer for whom Gulino worked. Rather than missing the point the Commissioner chose to credit Lenge's testimony of his intent rather than Beizer's construction of the letter. The finder of fact is obliged and encouraged to make choices, and thus find facts. Since Beizer had fired Gulino and was contesting her eligibility for unemployment compensation, it is hard to imagine that anyone would believe Lenge's favorable comments were attributable to Beizer. The finding that Lenge's letter expresses his and O'Brien's impressions is logical and reasonable.
The termination finding is also supported by substantial evidence. Lenge's resignation was, under the contract of employment, required to be in writing. This was recognized by Beizer's request that Lenge put his oral resignation into writing. Lenge specifically revoked the oral resignation. The clear import of the November 11, 1994 letter (Ex. #6) is that Lenge was fired. This is especially the case when it was delivered by Beizer's lawyer over the weekend along with Lenge's personal effects.
The Commissioner's decision correctly dealt with the issue of plaintiff's improper use of a "sick day" on November 11, 1994. Beizer had on November 10, 1994, advertised for an attorney to replace Lenge. Thus Lenge's employment situation with Beizer was CT Page 2887 determined prior to Lenge's improper conduct of November 11, 1994.
Lenge was clearly acting within the protection of § 31 266a. Beizer learned of Lenge's protected activity on November 6, 1994 and on November 8, 1994 he requested a retraction by Lenge. Lenge declined and received a written reprimand on November 8, 1994 (Ex. 3). The letter of reprimand criticized Lenge for the Gulino letter as well as his conduct on earlier occasions. On November 10, 1994, Lenge's pay was docked for the October 26, 1994 incident. The termination letter of November 11, 1994, specifically references Lenge's protected activity as improper conduct justifying the termination. It was reasonable and logical for the Commissioner to find that Lenge's protected activity was the reason for the termination and in fact the primary reason for the termination of Lenge's employment.
The Commissioner specifically rejected as not credible the employer's articulated reasons for the reprimand and termination. The decision also found that Lenge's calling in sick when he was not physically ill was not an independent basis for termination.
Even if Lenge's actions of November 11, 1994 justified is termination; Lenge would still prevail under a "mixed motive" analysis. See Price Waterhouse v. Hopkins, 490 U.S. 228 (1989). Section 31-226a similarly to Title VII of the 1964 Civil Rights Act, as amended, 42 U.S.C. § 2000e, prohibits adverse employment decisions for the statutorily specified reasons. A Connecticut employer may not discriminate against an employee because of his exercise of rights under the Employment Security law. Lenge's conduct in authorizing the use of his letter of reference in an unemployment hearing is clearly protected.
Plaintiff challenges the award of health insurance expenses which were provided under the employment contract. Such damages are specifically authorized under § 31-226a(b) "The commissioner may award the employee all appropriate relief including . . . payment of back wages and reestablishment of employee benefits to which he otherwise would have been eligible if he had not been discharged . . . ." The health insurance credit was a benefit he would otherwise have been eligible for under his contract. Its pro rate award was appropriate.
The decision is affirmed and the appeal is dismissed. CT Page 2888
Robert F. McWeeny, J.