[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
These are statutory appeals filed by the plaintiff, John P. Vacon, from the January 16, 1999 decision of the defendant, Board of Fire Commissioners, Enfield Fire District No. 1 ("Commissioners"), terminating Vacon as fire marshal for Enfield District No. 1. The plaintiff's appeal in Docket No. CV 99 0494414 is authorized under General Statutes §4-183 of the Uniform Administrative Procedure Act ("UAPA"). The plaintiff's appeal in Docket No. CV 99 0493909 is commenced pursuant to General Statutes § 29-300. Both appeals were consolidated for hearing. For the reasons set forth below, the court finds the issues in favor of the defendant in both appeals.
The record reveals the following facts. Vacon was employed as fire marshal for the Enfield Fire District No. 1 for approximately ten years. On or about October 21, 1998, Vacon was notified by the Board of Commissioners that a disciplinary hearing was to be held to determine whether just cause existed to terminate the plaintiff from his position as fire marshal. The notice of hearing informed Vacon of the charges against him as well as his right to representation. A contested hearing was held in this matter at which the plaintiff was present and represented by counsel. On January 16, 1999, the Commissioners issued their memorandum of decision and made the following findings of fact, which may be summarized as follows:
1. To enter the fire station and certain rooms in the station, it is necessary to make use of a key card. The key card is coded so that only certain personnel have access to certain offices. One such restricted office is that of the administrative assistant.
2. Sensitive, confidential information is kept in the administrative assistant's office.
3. The decision as to which individuals have access to certain areas within the firehouse is made by Fire Chief Edward Richards. Chief Richards did not provide for or authorize access through the key card system for Vacon to the administrative assistant's office.
4. Vacon requested one David Geng, a firefighter for the Enfield Fire Department, to change his key card so that he would have access to the administrative assistant's office. This request was made without Chief Richards' knowledge or authority. CT Page 7993
5. On August 20, 1998 and August 21, 1998, Vacon removed employee paychecks from the administrative assistant's office by use of his key card.
6. On August 21, 1998, Chief Richards learned that Vacon had entered the administrative assistant's office on August 20, 1998 and proceeded to question Vacon on how he gained access to the office.
7. Vacon did not truthfully tell Chief Richards how he entered the office or that he had Geng change his key card in order to gain access to the office.
8. In an attempt to cover up his unauthorized access to the administrative assistant's office, Vacon asked Geng to lie to Chief Richards with respect to how Vacon gained access to the office.
9. From a review of the security system records, it was discovered that on at least 35 separate occasions, Vacon entered the administrative assistant's office through the use of his key card.
10. After it was discovered that Vacon gained unauthorized access to the administrative assistant's office, Vacon harassed the administrative assistant in retaliation for her actions regarding the discovery of the unauthorized access.
11. In October of 1998, Vacon admitted that he had been in the administrative assistant's office twenty or thirty times when neither Chief Richards nor the administrative assistant were present.
(ROR, Item 57.)
Based upon these facts, the Commissioners concluded that (1) in asking Geng to change his key card, Vacon acted wrongfully and without authority; (2) by his actions, Vacon violated the trust that the Commissioners had in him; the Commissioners cannot employ an individual to serve as the fire marshal who has breached the trust of the Commissioners; (3) truthfulness is a part of the faithful performance of the fire marshal's duties; (4) by his actions, Vacon has failed to faithfully perform his duties as fire marshal; (5) and due to his actions, just cause exists to terminate Vacon as fire marshal. These findings and conclusions were supported by the affirmative (6-3) vote of the Commissioners. Vacon timely appealed his dismissal to this court under General Statutes § 29-300 on February 10, 1999. See Vacon v.Board of Commissioners of Enfield Fire District No. 1, Superior Court, judicial district of New Britain, Docket No. 493909. CT Page 7994
At the conclusion of the deliberations on January 16, 1999, Vacon requested to meet with the five-member Human Resource Committee of the Commissioners to discuss the other positions that Vacon claimed he held with Fire District. The Commissioners granted his request. On February 10, 1999, the same day as Vacon appealed his dismissal, the Human Resources Committee met and determined that the only position held by Vacon was that of fire marshal. The Committee also voted to adopt the earlier decision of the Commissioners to dismiss Vacon. (Return of Record ("ROR"), Exhibit 59.) Vacon appealed the vote of the Human Resource Committee on March 8, 1999 under General Statutes § 4-183.[1] SeeVacon v. Board of Commissioners of Enfield Fire District No. 1, Superior Court, judicial district of New Britain, Docket No. 494414.
Turning to the first appeal, Docket No. 493909, General Statutes §29-299 provides for the dismissal of a fire marshal if he "fails to faithfully perform the duties of his office." General Statutes § 29-300
sets forth procedural protections given in the fire marshal during the dismissal process. These include notice in writing of the specific grounds for the dismissal, an opportunity for a hearing before the appointing authority with counsel, and the right to appeal from an adverse decision. See Bartlett v. Krause, 209 Conn. 352, 380 (1988) (reversing a dismissal of a fire marshal where "some, but not all" of these procedural protections had been afforded to the plaintiff.)
Here, Vacon does not suggest that he has been denied procedural due process but questions the above-stated conclusions of the Commissioners. The standard of review of these claims is identical to the standard of review in general for administrative appeals under General Statutes § 4-183 (j). See Tomlinson v. Board of Education, 226 Conn. 704
(1993) (teacher tenure appeal follows usual standard for administrative appeals). That familiar standard was well set forth in Domestic ViolenceServices of Greater New Haven, Inc. v. FOIC, 47 Conn. App. 466, 469-70
(1998) as follows:
 The scope of permissible review is governed by § 4-183
(j) and is very restricted. . . . Neither this court nor the trial court may retry the case or substitute its own judgment for that of the [agency]. . . . The conclusion reached by the [agency] must be upheld if it is legally supported by the evidence. . . . The credibility of witnesses and the determination of factual issues are matters within the province of the administrative agency, and, if there is evidence . . . which reasonably supports the decision of the commissioner, we cannot disturb the conclusion reached by him. . . . Our ultimate duty is to determine, in CT Page 7995 view of all of the evidence, whether the agency, in issuing its order, acted unreasonably, arbitrarily, illegally or in abuse of its discretion.
 (Citations omitted; footnote omitted; internal quotation marks omitted.)
Under this standard, the court will turn to discuss Vacon's claims in order. The first claim made is that at the hearing, it became clear that no charge was made that Vacon had violated any duties of fire marshal as specifically set forth in the statutes or regulations. (ROR, Volume I, Exhibit 3, Transcript of Hearing on October 29, 1998 ("Transcript"), p. 52.) Vacon, therefore, argues that the Commissioners have not proved that he failed to perform the "duties of his office."
The duties of honesty and integrity are inherent in every public or private position. See Wilber v. Walsh, 147 Conn. 317, 320 (1960). In that case, the Supreme Court stated, in reviewing the appropriateness of the suspensions of police officers, that: "In any employment, an employer is entitled to expect of his employees the qualities of truthfulness, honesty and integrity. . . . In the case of police officers of a municipality, these qualities are particularly essential."
In this regard, the Commissioners heard the testimony of the fire chief that the fire marshal is considered a high-level, managerial employee within the fire district and represents the district in the public's eyes. (ROR, Volume I, Exhibit 3, Transcript, p. 52-53.) The chief as well as other officials of the fire district and the public in general must be able to trust the fire marshal and have confidence in him. (ROR, Volume I, Exhibit 3, Transcript, p. 54.) Under the standard of review, the court must conclude that the issue of the fire marshal's honesty and integrity, or lack thereof, was an appropriate consideration for a termination proceeding under General Statutes § 29-299.
Vacon's next ground of appeal is a series of objections to the factual conclusions reached by the Commissioners in their final decision. First, Vacon rejects the finding that he knew that he was not to enter the administrative assistant's office without permission and with his key card. He claims he was never so informed by the fire chief and therefore was unaware of his unauthorized entry. Testimony at the hearing from various witnesses supports the Commissioners' finding, however, that Vacon entered the administrative assistant's office[2] without authority and that he was aware of his lack of authority. The fire chief testified that he did not authorize Vacon to have access to the administrative assistant's office by using the key card. (ROR, Volume I, Exhibit 3, Transcript, p. 66-67.) Vacon never indicated to the fire chief CT Page 7996 that he needed or wanted key card access to the administrative assistant's office. (ROR, Volume I, Exhibit 3, Transcript, p. 69.)
Vacon's actions after he had access on his key card also indicate that he knew that he did not have authority to enter the administrative assistant's office with his key card. The record shows that he asked the fire chief to let him into the administrative assistant's office rather than using his card. (ROR, Volume I, Exhibit 3, Transcript, p. 68-69.) Firefighter Turano testified that Vacon admitted that he was not supposed to be in the administrative assistant's office and asked Turano not to say anything about his entry into that office. (ROR, Volume I, Exhibit 5, Transcript of Hearing on November 19, 1998, p. 418-20.) There is substantial evidence in the record to support that Vacon knew that his entries were unauthorized.
The second point raised by Vacon is that past practice authorized his distribution of the pay checks. The circumstances that may have existed at the old station had changed when the new fire station was built. The fire chief's concern for security, which was put into place at the new fire station, was hardly favored by Vacon's distribution of pay checks. (ROR, Volume I, Exhibit 4, Transcript of Hearing on November 4, 1998, p. 227.) For example it was clearly inappropriate for Vacon to place a paycheck in someone's car or car door. (ROR, Volume I, Exhibit 5, Transcript, p. 359.)
Vacon next refers to three alleged problems with the final decision. A document was introduced by the fire chief to show that Vacon had changed training records; testimony was heard on Vacon's solicitation of votes over the years for certain Commissioners; and a disputed report issued to the state fire marshal came into evidence. Vacon's arguments about evidence on these events is unpersuasive. The record indicates that Vacon was given ample opportunity to question and cross-examine witnesses on these events and introduce his own evidence. It was up to the Commissioners to determine what weight, if any, to give to the evidence of Vacon's past performance. As it turned out, the Commissioners rejected all charges relating to past history of poor performance in their final deliberations. (ROR, Exhibit 58, Audiotape.)
Continuing with his attack on the Commissioners' conclusions, Vacon next rejects the finding that after the warning was imposed by the fire chief, he harassed the administrative assistant. He seeks to excuse such actions as putting a sign-up sheet out in the hall rather than on the administrative assistant's desk, or leaving work in the hall, as logically following from the fire chiefs directive. The Commissioners were entitled to find that Vacon harassed the administrative assistant. There was testimony from the administrative assistant, (ROR, Volume I, CT Page 7997 Exhibit 5, Transcript, pp. 365, 373, 395), the fire chief and the deputy fire chief on the issue, (ROR, Volume I, Exhibit 3, Transcript. pp. 95-96; ROR, Volume I, Exhibit 6, Transcript of Hearing on December 1, 1998, pp. 498-99, 502-04.)
Finally, in his brief, Vacon argues that the Commissioners relied upon conflicting testimony from the fire chief in reaching their decision. The conflict is identified as the fire chiefs testimony on three separate occasions regarding the job description of the fire marshal. The court, under the standard of review indicated above, finds the actions of the Commissioners were appropriate, especially when the matter appears to be less than relevant to the dismissal issue.
Turning to Vacon's next argument, he contends that the hearing was flawed because he could not introduce evidence regarding the number of entries to the administrative assistant's office and his termination. The transcript reveals, however, that Vacon had ample opportunity to question the fire chief about entry into the administrative assistant's office and how that factored into the fire chiefs recommendation that he be terminated. (ROR, Volume I, Exhibit 5, Transcript, pp. 297-302, 343-45.) Regarding the performance appraisals, the Commissioners had full copies of both performance appraisals available to them for review, and ultimately determined that the charges concerning Vacon's alleged history of improper conduct had not been proved. (ROR, Exhibit 58, Audiotape.) Vacon was therefore not prejudiced by any evidentiary ruling regarding these appraisals and there was sufficient evidence in the record for the Commissioners to review.
Vacon next questions the notice of hearing that he received. The notice called to Vacon's attention that he had the procedural rights of General Statutes § 29-300 in his dismissal hearing, but did not say directly that the Commissioners could come to the conclusion that dismissal was warranted under General Statutes § 29-299. The case of Bartlett v.Krause, supra, 209 Conn. 352 discusses the necessary due process requirements for the termination of a fire marshal. Nowhere in the case is there any indication that the notice must include a reference to General Statutes § 29-299. The reference to § 29-300 of the General Statutes in this more informal proceeding, Bartlett v. Krause, supra, 380, satisfied any constitutional or statutory procedural requirements.
Finally, Vacon criticizes the findings of the Commissioners as without foundation in the record. In most cases, this is a repetition of arguments rejected in earlier sections of this opinion. One matter not discussed so far relates to the Commissioners' conclusions on Vacon and David Geng. The key card system was installed by Geng, an eighteen-year CT Page 7998 employee of Control Module and a new volunteer firefighter for fire district. Geng was also responsible for maintaining the system. (ROR, Volume I, Exhibit 3, Transcript, pp. 55-56; ROR, Volume I, Exhibit 6, Transcript, pp. 425-26, 453-54.) In setting up the card system, Geng relied on the determination of the fire chief as to who was to have access to particular offices within the station. (ROR, Volume I, Exhibit 3, Transcript, p. 63; ROR, Volume I, Exhibit 6, Transcript, pp. 431-32.) The fire chief did not authorize Vacon to have access to the administrative assistant's office on his key card. (ROR, Volume I, Exhibit 3, Transcript, pp. 66-67; ROR, Volume I, Exhibit 5, Transcript, pp. 352-53.) Vacon asked Geng to give him access to the administrative assistant's office. (ROR, Volume I, Exhibit 6, Transcript, pp. 434-35.) Geng gave Vacon access by altering Vacon's key card without checking first with the fire chief. (ROR, Volume I, Exhibit 6, Transcript, pp. 435, 474.)
When Vacon was questioned upon entry into the administrative assistant's office, which he had gained with his key, he answered "Dave Geng let me in." (ROR, Volume I, Exhibit 3, Transcript, p. 72.) When a call came into the fire station immediately after this interview, Vacon spoke to Geng. (ROR, Volume I, Exhibit 3, Transcript, pp. 74-75; ROR, Volume I, Exhibit 4, Transcript, pp. 237-38; ROR, Volume I, Exhibit 5, Transcript, p. 362.) Geng later revealed to the fire chief that Vacon had asked Geng to "cover" for him and said that he had let Vacon into the office, and not that he had a card allowing access. (ROR, Volume I, Exhibit 6, Transcript, pp. 436-38; ROR, Volume I, Exhibit 3, Transcript, pp. 79-80.)
The record as set forth above contains substantial evidence to support the findings of the Commissioners that relate to Vacon's approaching the lower-level employee Geng to change the access level of his key card, Vacon's statement to the fire chief on how he gained access, and Geng's disclosure of Vacon's telephone discussion asking Geng's assistance in supporting his story. Accordingly, the plaintiff's appeal in Docket No. CV 99 0493909 is dismissed because Vacon has failed to establish that substantial evidence does not exist in the record as a whole to support the Commissioners' decision. This court cannot re-try the case. Samperiv. Inland Wetlands Agency, 226 Conn. 579, 587 (1993).
The second appeal before the court, Docket No. CV 99 0494414, is an administrative appeal from the decision of the Human Resources Committee of the Enfield Fire District No. 1.[3] As indicated above, after the Commissioners voted on January 16, 1999 to remove Vacon from his position as fire marshal, Vacon raised the question of whether he still retained the position of firefighter with the Fire District. This issue was referred by the Commissioners to the Human Resources Committee of the CT Page 7999 Fire District.
The Committee met on February 10, 1999, to consider the issue. (ROR, Exhibit 59.) For some period of time, the Committee met in executive session with officials of the Fire District, Vacon and his attorney. After leaving executive session, William Higgins, Jr., a Commissioner and Clerk-Treasurer, read a statement of the Committee that "the only position that John Vacon held in the Enfield Fire District No. 1 was that of Fire Marshal which encompasses a number of responsibilities. The issue of his employment as Fire Marshal was addressed by the full Board of Commissioners on January 16, 1999."
A resolution was then voted up by the Human Resources Committee adopting the decision of the Commissioners of January 16, 1999, to be effective February 11, 1999. This motion received two favorable votes, one of which was from the president of the whole Commission, two negative votes and one abstention. The tie was broken by the president casting another vote. This procedure forms the basis of the administrative appeal.
Vacon does not appeal from the only matter that the Commissioners asked that the Human Resources Committee review, that of the severability of the job descriptions — fire marshal and firefighter. It is not raised in the appeal petition itself or in Vacon's brief. The issue is therefore abandoned. Collins v. Goldberg, 28 Conn. App. 733, 738 (1992).
Vacon asks that the court review the legality of the vote, adopting the January 16, 1999, decision of the full Commission on the ground that the Human Resources Committee's vote was flawed. The court, however, declines to rule on this matter as it has not effect at all. The Commissioners' vote of January 16th had the effect of removing Vacon from his position of fire marshal. See General Statutes §§ 29-299, 29-300; Bartlett v.Krause, supra, 209 Conn. 377 (noting that the agency engages in a "termination hearing.")
The subsequent vote by the Human Resources Committee, if it had any validity at all, merely set the final date of employment, which had been delayed while the dual employment issue was pending. The vote has no bearing on the termination of Vacon. See Tremp v. Patten, 132 Conn. 120,125 (1945): "Such being the nature of a public office, it is apparent that its source must in this country be found in the sovereign authority speaking through constitution or statute. The creations of the sovereign power cannot, in the absence of a delegated authority, create one." InJones v. Garek, 113 N.E.2d (Ohio App. 1951), a disciplinary hearing of a firefighter was held by the safety department instead of the civil service commission. The court reversed, noting that the statute in CT Page 8000 question mandated that a hearing take place before the civil service commission only, any attempt to delegate the matter to the safety commission was void. Here, Vacon has not challenged the determination that the position of fire marshal and firefighter are unitary. He attacks only a vote which had no legal effect. Therefore, the administrative appeal in Docket No. 99 0494414 is also dismissed.
Henry S. Cohn, Judge