[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 I. Statement of the Case
This case is an administrative appeal from the March 3, 2000 decision of the State Board of Education Impartial Hearing Board ("SB"). The SB sustained a decision of the Town of Waterford Board of Education which held that the plaintiffs' minor children were not entitled to a free public education in the Waterford public schools. The SB concluded that the plaintiffs' children do not reside in a dwelling in the Town of Waterford and, accordingly, "are residents of Montville, and not of Waterford" for the purposes of General Statutes § 10-186. (March 3, 2000 Decision of Impartial Hearing Board ("Decision"), p. 7).
 II. Procedural History
By letter dated October 12, 1999 the plaintiffs were informed by the chairperson of the Waterford Board of Education of the results of an evidentiary hearing held on October 8, 1999 to determine the eligibility of their children to receive a free education in the Waterford Public Schools system. (Return of Record ("ROR"), Item 3.A; Decision). An ad hoc committee of the Waterford Board of Education concluded that the plaintiffs' "school age children . . . do not reside in a dwelling located in the Town of Waterford" and were, therefore, "not residents of the Town of Waterford for the purposes of free public school accommodations." (ROR, Item 3.A).
The plaintiffs appealed from this decision to the SB pursuant to General Statutes § 10-186 (b)(2). An evidentiary hearing was conducted on December 9, 1999. Through a decision dated March 3, 2000 the SB concluded that "[t]he children of Thomas and Sharon McGarry are residents of Montville, and not of Waterford. They are not entitled to free public education in the Waterford Public Schools." (Decision, p. 7). The plaintiffs have appealed to this court in accordance with General Statutes §§ 10-187 and 4-183.[1]
 III. Standard of Review We begin by articulating the applicable standard of review in an appeal from the decision of an administrative agency. Judicial review of [an administrative agency's] action is governed by the [UAPA] . . . and the scope of that review is very restricted. . . . With regard to questions of fact, it is neither the function of the trial court nor of this court to retry the case or to substitute its judgment for that of the administrative agency.
CT Page 4907 (Internal quotation marks and citation omitted) Cadlerock PropertiesJoint Venture, L.P. v. Commissioner of Environmental Protection,253 Conn. 661, 668 (2000).
 Because [the court is] reviewing the decision of an administrative agency, [the court's] review is highly deferential. Ordinarily this court affords deference to the construction of a statute applied by the administrative agency empowered by law to carry out the statute's purposes. . . . [A]n agency's factual and discretionary determinations are to be accorded considerable weight by the courts. . . . Cases that present pure questions of law, however, invoke a broader standard of review than is ordinarily involved in deciding whether, in light of the evidence, the agency has acted unreasonably, arbitrarily, illegally or in abuse of its discretion.
(Internal quotations and citations omitted.) Bezzini v. Dept. of SocialServices 49 Conn. App. 432, 436 (1998).
 [Where] the issue is one of law, the court has the broader responsibility of determining whether the administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed from such facts. Although the court may not substitute its own conclusions for those of the administrative board, it retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion . . .
(Citations omitted.) United Parcel Service, Inc. v. Administrator,209 Conn. 381, 385-386 (1998).
 IV. Discussion Plaintiffs' Claims of Error
In this appeal, the plaintiffs have raised three claims of error. First, the plaintiffs allege that General Statutes § 10-1.86 is unconstitutional "and must be struck down." (Plaintiffs' November 2, 2000 Brief (Plaintiff's Brief, p. 8). Second, "[i]f [General Statutes §10-186] is not unconstitutional, it is at least ambiguous." (Plaintiffs' Brief, p. 8). Third, "[a]ssuming arguendo that § 10-186 is neither unconstitutional nor ambiguous, the Waterford Board is nevertheless CT Page 4908 estopped from relying on it." (Plaintiffs' Brief, p. 11 et seq.)
1. The Claim that General Statutes § 10-186 is Unconstitutional
The SB in the March 3, 2000 decision made twenty-four findings of fact. These include in relevant part the following:
 1. Thomas and Sharon McGarry are the parents of four children who presently attend public elementary, middle and high schools in Waterford, in grades 1, 5, 8 and 10.
 2. The McGarry children have attended the Waterford public schools throughout their educational careers.
 3. The McGarry family home is situated on a parcel of land which is partly located in Waterford and partly located in the neighboring town of Montville.
 4. The McGarrys' dwelling is entirely located on that portion of the parcel which is located in Montville.[2]
 5. Road access to the McGarrys' dwelling is available only from that portion of Butlertown Road which is located in Waterford.
 6. The McGarrys' residence has a mailing address of 223 Butlertown Road in Waterford.
* * *
 10. Sharon McGarry is and has always been registered to vote in Waterford; Thomas McGarry recently attempted to register to vote in Montville but was denied the ability to do so.
(Footnote omitted.) (Decision, p. 2)
The SB found that for purposes of General Statutes § 10-186 the children are residents of the town of Montville not Waterford. The plaintiffs assert that "[s]ection 10-186 is unconstitutional. Its effect is to deny the Plaintiffs the right to vote in the town where their children will be educated; specifically, the right to elect board of CT Page 4909 education members in that town." (Plaintiffs' Brief, pp. 6 et seq.). They further maintain that "[e]ven more clearly, the statute cannot withstand strict scrutiny and must be struck down." (Plaintiffs' Brief, p. 8).
In connection with this Uniform Administrative Procedure Act (UAPA) appeal the plaintiffs are attempting, in effect, to obtain a declaratory judgment. The relief sought is a judgment which declares that General Statutes § 10-186 is unconstitutional. (See generally declaratory judgments, General Statutes § 52-29; Practice Book § 17-54 et seq.) Appeals brought pursuant to the UAPA exist by virtue of the statute. General Statutes § 4-183.
 Although related, the court's authority to act pursuant to a statute is different from its subject matter jurisdiction. The power of the court to hear and determine, which is implicit in jurisdiction, is not to be confused with the way in which that power may be exercised in order to comply with the terms of the statute. Agency appeals to the Superior Court exist under statutory authority only. . . . Section 4-183
(j) authorizes the Superior Court to sit as a court of appeals to review agency decisions with respect to their constitutionality and adherence to statutes and lawful procedure, and to determine whether they are affected by errors of law or are clearly erroneous on the basis of the evidence in the whole record or whether there was some abuse of discretion.
(Citations omitted, internal quotation marks omitted) Beizer v. Dept. ofLabor, 56 Conn. App. 347, 362 (2000), cert. denied 252 Conn. 937 (2000).
General Statutes § 4-183 (j) authorizes the court to determine if the "administrative findings, inferences, conclusions, or decisions are . . . [i]n violation of constitutional . . . provisions," but it does not grant to the court the authority to declare a statute unconstitutional. Thus, this court lacks the statutory authority to grant the declaratory relief sought.[3]
2. The claim that General Statutes § 10-186 is Ambiguous
The plaintiffs contend that General Statutes § 10-186 is ambiguous. They further claim that the ambiguity resulted in a misapplication of the statutes in that the SB was instructed by the Town's "procedural advisor" that they had no discretion under the circumstances presented to permit the plaintiffs' children to remain enrolled in Waterford. (Plaintiffs' Brief, p. 9). CT Page 4910
To analyze this issue, the court must apply established rules of statutory construction. "In construing any statute, we seek to ascertain and give effect to the apparent intent of the legislature. . . . [W]hen the language of a statute is plain and unambiguous, we need look no further than the words themselves because we assume that the language expresses the legislature's intent. . . . When the language of a statute is unclear, we may ascertain the intent of the legislature by looking beyond the language to the statute's legislative history and the purpose that the statute was intended to serve." (Citations omitted; internal quotation marks omitted.) Weinberg v. ARA Vending Co., 223 Conn. 336,340-41 (1992). Additionally, "[i]f the words of a statute are clear . . . courts will not speculate as to any supposed intention because the question before a court then is not what the legislature actually intended, but what intention it expressed by the words that it used. . . . In the absence of ambiguity, statutory language should be given its plain and ordinary meaning." Collins v. Goldberg, 28 Conn. App. 733, 737
(1992). The "fundamental objective is to ascertain and give effect to the apparent intent of the legislature." State v. Burns, 236 Conn. 18, 22
(1996).
General Statutes § 10-186 (a) mandates in part that "[e]ach local . . . board of education shall furnish . . . school accommodations so that each child five years of age and over and under twenty-one years of age . . . may attend public school." This statutory duty to provide public school accommodations is directed to children who are residents of the individual school district.
General Statutes § 10-186 has been amended on numerous occasions. In Public Acts 1997, no. 97-31, the legislature dealt with the situation where a dwelling is physically located in more than one town. Through the passage of this legislation, the statute now provides in such instances that a child "shall be considered a resident of each town in which the dwelling is located and may attend school in any one of such towns. For purposes of this subsection, "dwelling' means a single, two or three family house or a condominium unit." General Statutes § 10-186
(a)(2). Thus, the family may decide which public school system their children will attend when their dwelling is situated in more than one town. This amendment addressed the educational concerns discussed at length in Baerst v. State Board of Education, 34 Conn. App. 567 (1994). This "approach . . . takes into account not only the physical property, but the other factors associated with the plaintiff and his family. . . ." Id., p. 576.
In the case at hand, although the plaintiffs' property is situated in both Montville and Waterford, the dwelling is located solely within the CT Page 4911 town of Montville. These facts are not disputed by the plaintiffs. (Plaintiffs' Brief, p. 3). Therefore, the situation addressed by the court in Baerst v. State Board of Education, supra., and Public Acts 1997, no. 97-31 is not present in the instant matter.
In this case General Statutes § 10-186 (a) requires that the town of Montville provide the plaintiffs' children with public school accommodations. This result is consistent with other decisions of this court. See e.g. Board of Education of Town of Cheshire v. State Board ofEducation, Superior Court, judicial district of New Haven, Docket No. 940364754 (October 4, 1995) (Maloney, J.). Accordingly, the court finds for the defendants on this issue.
3. The claim that Waterford is estopped from relying on General Statutes§ 10-186
The plaintiffs contend that "[a]ssuming arguendo that § 10-186 is neither unconstitutional nor ambiguous, the Waterford Board is nevertheless estopped from relying on it." (Plaintiffs' Brief, p. 11 et seq.). They maintain that because the town of Waterford assigned them a Waterford address and selected the family to enroll their children in the Waterford school system, the town cannot now refuse to provide free public school accommodations consistent with General Statutes § 10-186. (Decision Findings of Fact, nos. 2, 17, and 18).
The SB's written decision stated in part "[h]ere there has been no showing that the McGarrys suffered any injury from having accepted the presumed "invitations' by the principal of the Waterford elementary school, and they certainly benefitted from many years of free public education in the Town of Waterford. Nor has there been any showing that they will suffer a legally cognizable injury from the receipt of free public education in the future from the Montville public schools. The petitioners' estoppel argument is not persuasive." (Decision, p. 7).
Our Supreme Court in recent discussions of the equitable principle of estoppel articulated the legal standard in the following manner:
 Under our well-established law, any claim of estoppel is predicated on proof of two essential elements: the party against whom estoppel is claimed must do or say something calculated or intended to induce another party to believe that certain facts exist and to act on that belief; and the other party must change its position in reliance on those facts, thereby incurring some injury. . . . It is fundamental that a person who claims an estoppel must show that he has exercised due CT Page 4912 diligence to know the truth, and that he not only did not know the true state of things but also lacked any reasonably available means of acquiring knowledge. . . . In addition, estoppel against a public agency is limited and may be invoked: (1) only with great caution; (2) only when the action in question has been induced by an agent having authority in such matters; and (3) only when special circumstances make it highly inequitable or oppressive not to estop the agency.
(Citations omitted, internal quotation marks omitted). In re Michaela LeeR., 253 Conn. 570, 604 (2000). The SB conclusion that the facts of this case do not rise to the level where estoppel should be invoked is supported by substantial evidence in the administrative record. Moreover, this case is not an instance "when special circumstances make it highly inequitable or oppressive not to estop the agency." Id.
The role of the trial court in this appeal with regard to questions of fact is not to retry the or substitute its own judgment for that of the administrative agency. Rather the court must sustain the SB's factual determination and affirm its decision if there is substantial evidence in the record taken as a whole to support it. Salmon v. Dept. of PublicHealth and Addiction Services, 58 Conn. App. 642, 660-61 (2000), cert. granted on other grounds, 254 Conn. 926 (2000). Accordingly, the court finds for the defendants on this issue.
 V. Conclusion
For the reasons set forth herein, the appeal from the SB's March 3, 2000 final decision is ordered dismissed.
BY THE COURT
PETER EMMETT WIESE, JUDGE.